HARTFORD, APPELLEE, *v.* HARTFORD, APPELLANT.

[Cite as Hartford v. Hartford (1977),
53 Ohio App. 2d 79.]

(No. 36400—Decided August 18, 1977.)

*Mr. Stanley Morganstern,* for appellee.
*Mr. Hyman J. Blum,* for appellant.

PARRINO, J. On January 3, 1972, Audrey Hartford appellee, filed a complaint for divorce in the Court of Common Pleas of Cuyahoga County. The complaint alleged that appellee and appellant, James W. Hartford, were married in 1961, and that one child, Brian Paul, age five years, was born as issue of the marriage. Mrs. Hartford prayed for a divorce, custody of the child, and support for the child.

Appellant did not file an answer, and the case proceeded uncontested. Following a hearing, the court filed a judgment entry granting appellee a divorce. The court specifically found that one child, Brian Paul, was born as issue of the marriage, and awarded custody of the child to ap-

pellee. Appellant was ordered to make support payments for the child in the amount of $37.50 per week plus necessary medical and dental expenses.

Appellant made the court-ordered support payments until July 1975. At that time, after consultation with an attorney, he ceased to make the payments. On August 12, 1975, appellant filed a motion to set aside the judgment entry of divorce as it related to the paternity of the child, Brian Paul Hartford. The motion was designated as being brought under Civil Rule 60(B)(5). In the motion and its accompanying affidavit, appellant alleged that he was not the biological father of Brian Paul, and that he should not be required to support the child.

On December 5, 1975, appellant filed a supplemental motion alleging Civil Rule 60(B)(4) as an additional ground for vacating the prior judgment.

On November 24, 1975, appellee filed a motion to dismiss appellant's motion to vacate, alleging that the motion was not timely filed.

The trial court conducted a hearing on the motion on March 4, 1976, at which both parties testified. The evidence presented indicated that the parties had separated in October 1965 and did not live together again until March of 1966. During that time appellee became pregnant by another man. The child, Brian Paul, was born on September 19, 1966. It was admitted by appellee that appellant was not the biological father of the child.

Appellee testified that she did not inform the court prior to the granting of the divorce that appellant was not the child's father. However, she could not remember whether she was asked that question by the court.

From the testimony of both parties, it was clearly established that appellee had told appellant that she was pregnant by another man in February 1966, before they resumed living together. Appellant's name appears on the child's birth certificate as the father.

The record further shows that in March of 1966 appellant received a deferment from the military draft, at his own request, based on his wife's pregnancy.

Appellant testified that before the reconciliation appellee had told him that her attorney had advised her that appellant would be considered the father of the child and would be responsible for the child's support. Appellee denied making any such statement to appellant.

On March 8, 1976, appellee filed a motion for expenses and attorney fees incurred in connection with the motion to vacate. The motion was accompanied by an affidavit by appellee's attorney listing the legal services rendered. The total amount of fees sought was $1,577.30.

On March 12, 1976, the trial court issued a "Memorandum of Opinion." The court stated that appellee's motion to dismiss was well taken, and that appellant's motion to vacate was not filed within a reasonable time. A journal entry reflecting these findings was filed on April 5, 1976. Appellant was thereby ordered to resume support payments as previously ordered. Furthermore, appellant was ordered to pay to appellee the sum of $600 as attorney fees.

Appellant has appealed to this court from the decision of the trial court. He has alleged two assignments of error for our review.

The first assignment of error alleges that the trial court committed prejudicial error when it overruled appellant's motion to set aside the divorce decree in regard to the paternity of the child.

Essentially, appellant contends that appellee perpetrated a fraud upon the court during the divorce proceedings by alleging in her complaint that a child was born as issue of the marriage, and by not informing the court that appellant was not the father of the child, and that, because of such fraud the trial court should have set aside the judgment. We disagree.

Civil Rule 60(B) governs the granting of relief from judgment.* Civil Rule 60(B)(3) provides that a court may

---

*"Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inad-

grant relief from a final judgment for fraud, misrepresentation or other misconduct of an adverse party. However, under the rule, a motion for relief from judgment on that basis must be made within a reasonable time, and in any event not more than one year after the judgment was entered.

In this case, appellant filed his motion for relief from judgment more than three years after the date of the judgment. For that reason, he is clearly not entitled to relief under Civ. R. 60(B)(3).

Apparently realizing that his claim is not cognizable under Civ. R. 60(B)(3), appellant contends that that provision is not controlling, and that a claim of fraud *upon the court* is instead governed by the catch-all provision of Civ. R. 60(B)(5). That section states that relief may be granted for "any other reason justifying relief from the judgment." There is no fixed time period within which a motion for relief under that provision must be made. However, such a motion must be made within a "reasonable time."

We accept appellant's contention that the one year limitation of Civ. R. 60(B)(3) does not preclude a trial court from vacating a judgment obtained by the perpetration of a fraud upon the court. Even in the absence of a controlling rule of court or statutory provision, the Court of Common Pleas has inherent authority and power to va-

---

vertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

cate its own judgment when the judgment is procured by the successful party by such means as to constitute a fraud upon the court. *Jelm* v. *Jelm* (1951), 155 Ohio St. 226. *See, Hazel-Atlas Glass Co.* v. *Hartford-Empire Co.* (1944), 322 U. S. 238. Accordingly, we conclude that a motion to vacate a judgment based on an alleged fraud upon the court is not subject to the one year limitation of Civ. R. 60(B)(3). Such a motion may be filed pursuant to Civ. R. 60(B)(5), which allows relief from judgment for any reason justifying such relief. Civil Rule 60(B)(5) reflects the inherent power of a court to relieve a party from a judgment procured by a fraud upon the court, and the only limitation on such a motion is that it must be filed within a reasonable time.

However, it is our conclusion that appellant is not entitled to relief from judgment under Civ. R. 60(B)(5) in this case.

As we have already pointed out, in order to avoid the one year limitation of Civ. R. 60(B)(3), a litigant seeking to vacate a judgment based on a claim of fraud must show that he comes within the scope of Civ. R. 60(B)(5) because the fraud was such as to constitute a fraud upon the court. However, the determination of whether allegedly fraudulent conduct in the course of litigation is a "fraud upon the court" so as to be exempt from the time limitation of Civ. R. 60(B)(3) is not an issue subject to simple resolution. Technically speaking, any fraud or misrepresentation perpetrated in connection with a matter pending before a court could be construed as a fraud upon the court. Moore and Rogers, *Federal Relief from Civil Judgments,* 55 Yale L. J. 623, 692 n. 266 (1946); 11 Wright and Miller, Federal Practice and Procedure 247, 253, Section 2870 (1973). However, if the term fraud upon the court is not narrowly interpreted, but is deemed to include all or substantially all types of fraud within Civ. R. 60(B)(3), then the time limitation of Civ. R. 60(B)(3) would be meaningless.

While no precise definition of fraud upon the court is possible, we believe, like most courts considering the

matter, that the term as used in regard to obtaining relief from judgment must be narrowly construed to embrace only that type of conduct which defiles the court itself, or fraud which is perpetrated by officers of the court so as to prevent the judicial system from functioning in the customary manner of deciding the cases presented in an impartial manner. *Serzysko* v. *Chase Manhattan Bank* (C. A. 2, 1972), 461 F. 2d 699, *certiorari denied* 409 U. S. 883; *Kupferman* v. *Consolidated Research & Mfg. Corp.* (C. A. 2, 1972), 459 F. 2d 1072; *Konigsberg* v. *Security Natl. Bank* (S. D. N. Y. 1975), 66 F. R. D. 439; *Armour and Company* v. *Nard* (N. D. Iowa 1972), 56 F. R. D. 610; *Lockwood* v. *Bowles* (D. C. 1969), 46 F. R. D. 625; 7 Moore's *Federal Practice* 504, 515, Paragraph 60.33 (1975). Examples of fraud on the court justifying relief from judgment would include such "egregious misconduct" as bribery of a judge or jury, or fabrication of evidence by counsel. *Pfizer, Inc.*, v. *Intl. Rectifier Corp.* (C. A. 8, 1976), 538 F. 2d 180, 195, *certiorari denied* 97 S. Ct. 738, or the prevention of an opposing party from fairly presenting his case. *Keys* v. *Dunbar* (C. A. 9, 1969), 405 F. 2d 955, *certiorari denied* 396 U. S. 880; *see, generally, Restatement of Judgments,* Sections 118-124 (1942).

In this regard, it is important to note that the majority of courts considering the question have held that a subsequent discovery that a witness committed perjury at trial is not a sufficient basis for a finding of a fraud upon the court so as to justify the invocation of the court's inherent power to set aside its judgment. *See, Hazel-Atlas Glass Co.* v. *Hartford-Empire Co., supra*; *H. K. Porter Co., Inc.*, v. *Goodyear Tire & Rubber Co.* (C. A. 6, 1976), 536 F. 2d 1115, 1118; *Petry* v. *General Motors Corp.* (E. D. Pa. 1974), 62 F. R. D. 357; *Armour and Company* v. *Nard, supra; Restatement of Judgments* 610, Section 126(2)(b) (1942). Such conduct, if by an adverse party, even though not a fraud upon the court, would be grounds for relief under Civ. R. 60(B)(3). However, in such a case the one year limitation would apply.

With the above principles in mind, we turn to the

facts of this case. For obvious reasons, the trial court is best able to determine whether a fraud has been perpetrated upon it. Consequently, the trial court's determination of the issue is entitled to great weight in this court. Based upon the record before us, we cannot say that the court erred in denying the relief requested.

Appellant contends that the allegation in the complaint that one child was born as issue of the marriage, and appellee's failure to inform the court that appellant was not the father of the child constitutes a fraud upon the court. We disagree.

Although appellee may have been less than candid with the trial court during the divorce proceedings, we cannot say that her conduct rose to the level of a fraud upon the court, as we have defined that term. Perjury or misrepresentations to the court do not constitute a fraud on the court unless the adverse party was prevented from presenting a defense. Such was not the case here.

Furthermore, in a very real sense, it would not appear that the court was actually misled. The record clearly shows that appellant was informed by appellee that she was pregnant by another man prior to their reconciliation in 1966. Based on appellee's pregnancy, appellant applied for and received a draft deferment. Appellant's name appears as the father on the child's birth certificate. Following the child's birth, appellant and appellee remained married despite appellant's knowledge that the child was not his, for almost six years. After appellee filed her complaint for divorce, appellant was duly served with process according to law, but voluntarily declined to answer or otherwise contest the divorce. Following the divorce decree and award of child support, appellant complied with the child support order for more than three years, without informing the court that he was not the child's father.

In such circumstances, it appears that appellant clearly acquiesced in the court's support order. He alleges fraud by appellee in her failure to inform the court that appellant was not the father, yet he also failed to so inform the court for over three years. He was not prevented from

presenting a defense at the divorce hearing. Rather, he voluntarily declined to do so. We find no evidence of any "egregious misconduct" by appellee, or any evidence tending to defile the integrity of the judicial process. There was no fraud upon the court.

At best, appellee's conduct arguably could constitute fraud upon appellant. However, relief cannot be granted on that basis unless a motion is filed within one year of the judgment, which was not done in this case.

Even if the court had been informed that appellant was not the father of the child at the outset, it may well have been justified in ordering appellant to support the child. He voluntarily reconciled with his wife after their separation, being fully informed of the circumstances of her pregnancy, and the child was born while the parties were married and living together. For all practical purposes, appellant agreed to stand *in loco parentis,* and was in effect a father to the child. Under such circumstances,' he, and not the natural father, is responsible for the support of the child. *Cf. Hall* v. *Rosen* (1977), 50 Ohio St. 2d 135; *Burse* v. *Burse* (1976), 48 Ohio App. 2d 244.

Furthermore, unlike the situation in *Jelm, supra,* the interests of a third party—the child—are at stake here, and would be adversely affected if the court granted the relief requested. The child was supported by appellant during the first nine years of his life. To order the child to now turn to his real father for support, after appellant's knowing delay in seeking relief of over three years, would be manifestly unjust.

Appellant also contends that the court should have granted relief based upon Civ. R. 60(B)(4), which allows the granting of relief in situations where "* * * it is no longer equitable that the judgment should have prospective application * * *."

It is clear to this court that the above provision may serve as a basis for relief from judgment only when events *subsequent* to the judgment render prospective application of the judgment inequitable, and when the vacation of the judgment would not work undue hardship upon other

persons or upon the court. *Wurzelbacher* v. *Kroeger* (1974), 40 Ohio St. 2d 90. In this case, all of the facts on which the claim for relief is made were known *before* judgment was entered. Furthermore, as we already stated, the interests of the child would be adversely affected if the support order were vacated. Accordingly, Civil Rule 60(B) (4) cannot serve as a basis for relief.

The first assignment of error is overruled.

In his second assignment of error appellant alleged that the court erred in allowing attorney fees to appellee without conducting a hearing on the matter. However, at oral argument, appellant withdrew this assignment of error. We accordingly overrule it without discussion.

Finding neither assignment of error to be well taken, we affirm the judgment of the Court of Common Pleas.

CORRIGAN, J., concurs.
DAY, C. J., concurs in the judgment only.