Mark T. Hash appeals from a judgment of the Montgomery County Court of Common Pleas, Domestic Relations Division, which overruled his objection to a magistrate's decision denying his motion to continue a contempt hearing and increased the amount of attorney's fees awarded by the magistrate to Hash's former spouse, Lisa A. Hash (Krumm).
The facts and procedural history are as follows.
On April 30, 1993, Krumm and Hash filed a petition for dissolution of marriage requesting that their separation agreement ("the agreement") "be ordered into execution." On June 22, 1993, the trial court dissolved the marriage and incorporated the terms of the agreement into its decree. The agreement stated, in pertinent part:
 3. Tuition Payment. Husband shall pay to Wife, the sum of $1,000.00 per month, the first payment being due on the first day of July, 1995 and thereafter on the first of each of the next 25 months, representing Husband's tuition reimbursement for medical schooling to be paid by her. As Wife is relying on said payments in order to support her further educational endeavors, said sum shall not be dischargeable in bankruptcy, but shall not be taxable to Wife nor deductible to Husband as alimony or spousal support for purposes of Federal or State income taxation.
On October 18, 1996, Krumm filed a motion to show cause for why Hash should not be held in contempt of court for failure to make the tuition reimbursement payments to her as required by paragraph three of the agreement. She also requested $350.00 in attorney's fees. On October 18, 1996, the trial court ordered Hash to appear before a magistrate to show why he should not be held in civil or criminal contempt. Hash received the summons from a special process server at his residence in Georgia on October 29, 1996.
On November 27, 1996, Krumm filed a motion to continue the hearing so that Hash's newly appointed attorney could file a motion related to the contempt charge. The magistrate granted the motion and rescheduled the hearing for January 16, 1997. On January 6, 1997, Hash filed a Civ.R. 60(B) motion for relief from judgment alleging that, because he had recently discovered that his father had actually paid his medical school tuition, he was not obligated to pay $25,000 to Krumm as required by the agreement. Hash's motion was scheduled to be heard at the same time as Krumm's motion. On January 21, 1997, following a hearing at which Krumm, her attorney, and Hash's attorney were present, the magistrate ordered Hash to amend his Civ.R. 60(B) motion by stating the grounds entitling him to relief and set the motion for hearing on April 30, 1997. The magistrate entered a decision and interim order on January 23, 1997 finding Hash in contempt of court and ordering a ten-day jail sentence and a $250.00 fine, both of which were suspended on the condition that he pay $22,000, an amount "representing" tuition reimbursement "payments due from July 1, 1995 to April 30, 1996," to Krumm by April 1, 1997. (The magistrate appears to have meant April 30, 1997.) The magistrate also scheduled a hearing for April 30, 1997 for the purposes of imposing the sentence and/or reviewing Hash's compliance with the decision and interim order and for ruling on Krumm's request for attorney's fees. On May 7, 1997, Hash filed a motion to continue the April 30, 1997 hearing due to his previous counsel's upcoming retirement and his new counsel's need to acquaint himself with the case. (Apparently no proceedings took place on April 30, 1997.) The continuance was granted and a hearing set for June 27, 1997. On June 25, 1997, Hash filed a supplemental memorandum supporting his motion for relief from judgment with attached affidavits sworn by himself and his father and copies of checks written by his father to pay Hash's medical school tuition.
The magistrate conducted a hearing on June 27, 1997. Krumm, her attorney, and Hash's attorney were present. Hash's attorney requested a continuance due to Hash's alleged illness and submitted a letter from Hash's doctor in Columbus, Georgia. Krumm opposed the motion, and the magistrate denied a continuance. Krumm then testified as to her attorney's fees. In its July 15, 1997 decision and permanent order, the magistrate denied Hash's motion for a continuance, dismissed his motion for relief from judgment, ordered Hash to appear on October 3, 1997 for the imposition of a ten-day sentence, awarded Krumm $350.00 in attorney's fees, and stated that Hash could purge himself of contempt by paying $25,350 to Krumm by September 1, 1997.
On July 29, 1997, Hash filed an objection to the magistrate's order stating that the denial of a continuance was arbitrary and unreasonable. On September 22, 1997, the trial court overruled Hash's objection and increased the award of attorney's fees to $700.00. The trial court stated that it had agreed with the magistrate's findings of the "salient facts of the case" and that "the magistrate's decision is wholly supported by competent, credible evidence and fully justified by the facts as found to be true."
On October 16, 1997, Hash appealed the trial court's order.
Hash raises two assignments of error on appeal
 I. THE TRIAL COURT ERRED BY ADOPTING THE JULY 15, 1997 DECISION OF THE MAGISTRATE — DENYING APPELLANT A CONTINUANCE AND FINDING APPELLANT IN CONTEMPT.
Hash contends that the trial court erred in adopting the magistrate's denial of a continuance because his absence was unavoidable and because the magistrate's summary decision to overrule his Civ.R. 60(B) motion violated his rights to due process of law.
Pursuant to Civ.R. 53(E)(3), a party may file in the trial court written objections to a magistrate's decision. Such objections must be specific and must state with particularity the grounds for the objection. Civ.R. 53(E)(3)(b). "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b). Civ.R. 53(E)(4), which governs the trial court's actions on a magistrate's decision, states, in pertinent part:
 (a) When effective. The magistrate's decision shall be effective when adopted by the court. The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 (b) Consideration of objections. Upon consideration of any objections, the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter.
The trial court's decision adopting, rejecting, or modifying a magistrate's order will not be reversed on appeal absent an abuse of discretion. Wade v. Wade (1996), 113 Ohio App.3d 414, 419.
The trial court adopted the magistrate's decision to overrule Hash's motion for a continuance. The motion, submitted orally at the June 25, 1997 hearing, was based on Hash's alleged severe illness had that prevented him from traveling from Georgia to Ohio. Krumm objected to a further continuance, stating:
 Your Honor, I originally filed the motion as you stated on October 18, 1996. Mr. Hash done [sic] frankly everything he could do for about the last eight months to postpone, delay, make this never happen. It seems as if he wants it to go away.
The magistrate found:
 It should be noted that [Hash], who purports to reside in Ellerslie, Georgia managed to be in South Carolina six (6) days before his illness in Columbus, Georgia. It is found that [Hash] has not presented good cause for a third continuance of this matter (prior hearing dates: December 5, 1996; January 16, 1997, and April 30, 1997).
Hash's objection to this finding stated that his absence had been unavoidable and that his application for a continuance had been made in good faith. The trial court, however, stated that Hash's "latest attempt to continue this case, delivered the very eve of trial, was not requested in good faith."
Whether to grant a motion for a continuance is a decision within the trial court's discretion. Coats v. Limbach (1989),47 Ohio St.3d 114, 116. In State ex rel. Buck v. McCabe (1942),140 Ohio St. 535, 538, the supreme court explained:
 To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time.
The facts and circumstances of each case dictate whether the trial court's denial of a motion for a continuance was arbitrary and violated the movant's due process rights. State v. Jones (1987),42 Ohio App.3d 14, 16.
In this case, Hash's defense to the contempt charge was that he should be relieved from the judgment and decree of dissolution, pursuant to Civ.R. 60(B)(4) or (5), because Krumm had misrepresented to him, prior to the execution of the agreement, that she had paid his medical school tuition when in fact his father had paid the tuition. He also suggested that, due to Krumm's subsequent remarriage, requiring him to reimburse her for the tuition payments would be inequitable.
Civ.R. 60(B) provides, in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) * * * it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
To prevail on a motion for relief from judgment, it must be demonstrated that:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Deciding whether to grant a motion for relief from judgment is within the sound discretion of the trial court. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20.
The catch-all provision of Civ.R. 60(B)(5) is not a substitute for the more specific provisions of Civ.R. 60(B).Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66; Austinv. Payne (1995), 107 Ohio App.3d 818, 823; Hartford v. Hartford
(1977), 53 Ohio App.2d 79, 83-84. The staff notes discussing Civ.R. 60(B)(5) state:
 The grounds for invoking the catch-all provision, not subject to the one-year limitation, should be substantial. Thus a court might utilize the catch-all provision to vacate a judgment vitiated by a fraud upon the court. Fraud upon the court differs from Rule 60(B)(3), fraud or misrepresentation by an adverse
party.
In Coulson v. Coulson (1983), 5 Ohio St.3d 12, 15, the supreme court explained:
"Fraud upon the court" is an elusive concept. * * *
 One commentator, however, had provided this definition: "`Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, inter parties, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) [sic] or to the independent action." 7 Moore's Federal Practice (2 Ed. 1971) 515, Paragraph 60.33 (citations omitted.)
 * * * [I]n the usual case, a party must resort to a motion under Civ.R. 60(B)(3). Where an officer of the court, e.g., an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment.
Ohio courts have held that Civ.R. 60(B)(3), rather than Civ.R. 60(B)(5), applies to motions for relief from judgment based upon fraudulent conduct between parties involved in domestic relations proceedings. In Scholler v. Scholler (1984), 10 Ohio St.3d 98,106, the supreme court held that a former spouse's statement that the other had "fraudulently withheld critical financial information and misrepresented his financial status during negotiation of the separation agreement" alleged fraud against a party rather than fraud upon the court. In Hartford, the court concluded that Civ.R. 60(B)(3) was the appropriate provision for seeking relief from judgment where a former spouse's divorce complaint had alleged that "one child was born as issue of the marriage" and she had neglected to inform the court that her husband was not the child's father. Hartford,53 Ohio App.2d at 85. The Hartford court explained that this conduct did not constitute fraud upon the court so as to exempt the party seeking relief from the one-year timeliness requirement. Id. at 85.
As in Hartford and Scholler, the substance of Hash's Civ.R. 60(B) motion was a fraud inter parties claim, which should have been brought under Civ.R. 60(B)(3) within one year following the judgment and decree of dissolution, rather than a claim of fraud upon the court. Because Hash's motion was not timely filed, it was doomed to be overruled regardless of whether Hash had been present at the hearing on the motion. Thus, Hash's presence was not necessary. See Buck, 140 Ohio St. at 538. The trial court, therefore, did not abuse its discretion to the prejudice of Hash in adopting the magistrate's decision to deny Hash's request for a continuance.
Hash also invoked the "no longer equitable" clause of Civ.R. 60(B)(4) in moving for relief from judgment. He claimed that a prospective application of the tuition reimbursement obligation would be inequitable because of Krumm's fraudulent conduct against him. As with Civ.R. 60(B)(5), a party may invoke Civ.R. 60(B)(4) only when the more specific provisions of Civ.R. 60(B) are inapplicable. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. Civ.R. 60(B)(4) provides "relief from a judgment which has clearly become inequitable due to subsequent events." Wurzelbacher v.Kroeger (1974), 40 Ohio St.2d 90, 92. As we discussed in relation to Hash's Civ.R. 60(B)(5) motion, Civ.R. 60(B)(3) applied to Hash's inter parties fraud claim. Thus, he may not be relieved from judgment based on a fraud claim under Civ.R. 60(B)(4).
Hash also suggests that Krumm's subsequent remarriage makes a prospective application of the tuition reimbursement obligation inequitable. In Knapp v. Knapp (1986), 24 Ohio St.3d 141, paragraphs one and two of the syllabus, the supreme court stated:
 The "* * * it is no longer equitable * * *" clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control.
 The "* * * it is no longer equitable * * *" clause of Civ.R. 60(B)(4) will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding.
In Jewell v. Jewell (Dec. 21, 1994), Jackson App. No. 740, unreported, a former spouse, who had entered a separation agreement obligating himself to pay spousal support to the other and to pay all of the parties' debts, filed a Civ.R. 60(B)(4) motion seeking relief from the dissolution decree because "changed and unforeseen circumstances [of his former wife cohabitating with another man] rendered the spousal support portion of the dissolution decree inequitable." The Jewell court cited Knapp and concluded that, because the separation agreement had been entered voluntarily, the obligor spouse could not be relieved from judgment under Civ.R. 60(B)(4). Similarly, because Hash had voluntarily agreed to the tuition reimbursement obligation in the agreement, Krumm's subsequent remarriage did not support Hash's claims under the "no longer equitable" clause. Furthermore, it can hardly be said that Hash could not have foreseen the possibility of his former wife's remarriage. Thus, Hash's Civ.R. 60(B)(4) motion would have been overruled regardless of whether Hash had attended the hearing, and the trial court did not abuse its discretion to the prejudice of Hash in adopting the magistrate's refusal to continue the hearing on Hash's Civ.R. 60(B) motion.
The magistrate further found that, because Hash had not complied with the terms of his suspended sentence, the full $25,000 was immediately due. The magistrate ordered Hash to appear before the trial court on October 3, 1997 for the imposition of a ten-day jail sentence. The trial court found error in the magistrate's failure to find that Hash "continues to be in contempt of the court's orders for failure to comply with the decree," and it sentenced him to an additional thirty days in jail. Hash contends that, because he had a valid defense to his obligation to reimburse Krumm for medical school tuition payments, he should not have been held in contempt without the opportunity to appear in court and present his defense.
As we discussed in relation to Hash's motion for a continuance, his fraud defense to the obligation to reimburse Krumm for her medical school tuition payments was set forth in an untimely motion for relief from judgment. His "remarriage" defense also lacked merit. Because Hash had not made a single payment to Krumm as required by the agreement, repeatedly sought to delay the contempt hearing, and failed to to present a valid defense to his obligation, the trial court appropriately found him in contempt of court.
 The first assignment of error is overruled. II. THE TRIAL COURT ERRED BY GRANTING APPELLEE AN AWARD OF ATTORNEY FEES.
Hash contends that the trial court erred in modifying the magistrate's $350.00 award of attorney's fees to Krumm by increasing the award to $700.00 because Krumm had presented no evidence on either the fact or the reasonableness of the fees.
A domestic relations court may award "reasonable attorney's fees" to a party at any stage of the proceedings, including a proceeding to enforce a prior decree, "if it determines that the other party has the ability to pay the attorney's fees that the court awards." R.C. 3105.18(H). A trial court's award of attorney's fees in a domestic relations proceeding will not be reversed on appeal absent an abuse of discretion. Goode v. Goode
(1991), 70 Ohio App.3d 125, 134. The movant has the burden of establishing the amount of fees incurred and the reasonableness and necessity of the fees. Id. at 134. When the fees are of a nominal sum, however, evidence of the amount actually incurred and their reasonableness and necessity is not required because the trial court is capable of using its knowledge and experience to review the record and determine whether the fees were reasonable and necessary. Woloch v. Foster (1994), 98 Ohio App.3d 806, 813;Goode, 70 Ohio App.3d at 134; Sladoje v. Sladoje (Feb. 20, 1990), Franklin App. No. 89AP-786, unreported. In Goode, the appellate court considered a $1,000 award of attorney's fees to be nominal.Goode, 70 Ohio App.3d at 134.
In this case, Krumm testified at the June 27, 1997 hearing that, in pursuing contempt charges against Hash for violating the terms of the agreement, she had retained counsel in October 1996 and had incurred attorney's fees in excess of approximately $700.00. The magistrate stated that a $350.00 award was reasonable given that Krumm had not presented expert testimony to support the amount requested. The trial court, however, overruled the $350.00 award and found that $700.00 represented a reasonable sum for the litigation involved in enforcing the terms of the agreement.
Hash's failure to file a written objection to the magistrate's award of attorney's fees effectively waived his right to object to the $350.00 award on appeal, Civ.R. 53(E)(3)(b); however, because the trial court modified the magistrate's award, Hash may assign as error the trial court's $700.00 award. Although Krumm presented no evidence on the precise amount of attorney's fees nor on the reasonableness or necessity of the fees, the $700.00 award was of a nominal amount, and the trial court was capable of determining the reasonableness of the fees based on its knowledge and experience and its familiarity with the proceedings in this case. In our opinion, the trial court did not abuse its discretion in awarding $700.00 to Krumm for her attorney's fees because the record would support a finding that Krumm's attorney had provided services worth at least $700.00 in pursuing the contempt action against Hash.
The second assignment of error is overruled.
The judgment of the trial court will be affirmed.
YOUNG, P.J. and BROGAN, J., concur.
Copies mailed to:
Anthony Capizzi
Reichard B. Reiling
Hon. V. Michael Brigner