DECISION AND JUDGMENT ENTRY
Walter Huffman appeals the judgments of the Adams County Court of Common Pleas, which granted Charlotte Huffman's motion for relief from judgment and issued a Qualified Domestic Relations Order ("QDRO") and an amended QDRO. Mr. Huffman first argues that the trial court erred in granting Mrs. Huffman's Civ.R. 60(B) motion for relief from judgment. Because we find that the trial court abused its discretion in granting Mrs. Huffman's motion because it was not made within a reasonable time, we agree. Mr. Huffman also argues that the trial court erred in issuing the QDRO. We do not address this argument because it is moot. Accordingly, we reverse and remand the decision of the trial court.
 I.
The parties divorced in 1990. In 1998, Mrs. Huffman filed a Civ.R. 60(B)(4)(5) motion for relief from judgment. In her supporting memorandum, Mrs. Huffman alleged that Mr. Huffman might have pension benefits that he earned during the parties' marriage. Mrs. Huffman asserted that the trial court's failure to divide the only major asset of the parties is no longer equitable and that the judgment of the trial court should not have prospective application. In a later memorandum, she asserted that she filed the Civ.R. 60(B) motion in a "reasonable time" because even Mr. Huffman may have been unaware of the pension benefits until he reached retirement age.
At the hearing on the Civ.R. 60(B) motion, the parties stipulated: (1) that at the time of the original divorce hearing in 1990, Mr. Huffman had accrued pension benefits during the course of the marriage of which he had no knowledge; (2) that Mr. Huffman's attorney prepared the final decree of divorce which the parties and their attorneys signed; (3) that no mention of pension benefits was made during any stage of the divorce proceedings. At the hearing, Mrs. Huffman testified that she was unfamiliar with the parties' financial affairs during their marriage and that they accumulated no personal property during the marriage other than two vehicles and, unbeknownst to her, the pension. Mrs. Huffman explained that she first became aware of the possibility of Mr. Huffman's pension benefits when, in 1998, she was discussing her financial situation with a secretary from the Carpenter's Local Union. After learning that Mrs. Huffman was not receiving any part of Mr. Huffman's pension, the secretary suggested that she was entitled to her ex-husband's pension. As a result, Mrs. Huffman contacted an attorney.
The magistrate granted Mrs. Huffman's Civ.R. 60(B) motion. Mr. Huffman objected to the magistrate's decision because the magistrate failed to set forth findings of fact and conclusions of law. The trial court sustained Mr. Huffman's objections and remanded the case back to the magistrate. In response the magistrate made the following findings of fact, which were adopted by the trial court:
 3. No mention of the pension benefits available to the Defendant was made in Court, the pleadings, or in any pre-trial negotiations, and no [QDRO] or other order was made or has been made with respect to the division of the pension benefits acquired by Mr. Huffman during the course of the marriage.
 4. [Mr. and Mrs.] Huffman had no knowledge of any accrued pension benefits at the time of the final [divorce] hearing * * *.
The trial court concluded that the non-disclosure of marital assets, such as a pension, is adequate grounds for Civ.R. 60(B) relief. Relying on Booth v. Booth (July 21, 1994), Franklin App. No. 93APF11-1559, unreported, the trial court found that there was a fraud upon the court by all parties because no one had disclosed the existence of the pension benefit. The trial court adopted the Magistrate's recommendations over Mr. Huffman's objections. However, the trial court found that the entry adopting the Magistrate's recommendations was not a final appealable order. The trial court also indicated that it would furnish a copy of a judgment entry to both counsel. After Mr. Huffman declined to have a hearing on his objections, the trial court issued an order to the Pension Administrator to provide the information necessary for the issuance of a QDRO. Approximately eleven months later, the trial court issued a QDRO to the pension fund administrator ordering the administrator to pay Mrs. Huffman forty-six percent of Mr. Huffman's monthly benefit. After the parties' received notice from the pension fund administrator that the QDRO was improper, Mr. Huffman filed a motion to reconsider this entry and Mrs. Huffman filed a motion for an amended QDRO. Mr. Huffman then appealed the original QDRO. This appeal is case number 00CA704. While this appeal was pending, the trial court issued an "amended" QDRO, which Mr. Huffman also appealed. This second appeal is case number 01CA709.
We consolidated Mr. Huffman's appeals. In his brief, Mr. Huffman asserts the following assignment of error:
The trial court erred when it granted the motion of plaintiff for relief from judgment and entered a [QDRO].
 II.
Mr. Huffman first argues that the trial court erred in granting Mrs. Huffman's Civ.R. 60(B) motion for relief from judgment.
In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.[1] State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 151, citing Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct that is unreasonable, arbitrary, or unconscionable. State ex rel. Richard at 151, citing State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107.
Civ.R. 60(B) provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. Rose Chevrolet at 20, citing GTE Automatic Electric v. ARC Industries (1976),57 Ohio St.3d 146, paragraph two of the syllabus; see, also, Buckeye Fed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312, 314. If any one of these three requirements is not met, the motion should be overruled. Rose Chevrolet at 20, citing Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351; Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578.
Civ.R. 60(B)(4) "was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." Knapp v. Knapp (1986), 24 Ohio St.3d 141, 146
(Civ.R.60(B)(4) was not designed to give relief to a party who "had an opportunity to control the terms of a [settlement] agreement and [a] dissolution decree."). In considering a Civ.R. 60(B)(4) motion, the trial court must consider the interests of all parties and the court. Wurzelbacher v. Kroger (1974), 40 Ohio St.2d 90. Events occurring prior to the entry of the original judgment cannot be relied upon as grounds to vacate a judgment pursuant to Civ.R. 60(B)(4). Old Phoenix Nat'l Bank v. Sandler (1984) 14 Ohio App.3d 12; Hartford v. Hartford (1977)53 Ohio App.2d 79, 86; Jenning v. Wagner (May 22, 1990), Scioto App. No. 1831, unreported, ((B)(4) relief is not available because "the factor which appellants allege to entitle them to relief is one which occurred before or at the time of entry of the judgment, not subsequent."); Smith v. Smith (Apr. 9, 1990), Montgomery App. No. 11705, unreported.
Civ.R. 60(B)(5) is a catchall provision reflecting the inherent power of the courts to relieve a person from the unjust operation of a judgment. It is, however, not a substitute for the more specific grounds of Civ.R. 60(B). Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, 439, citing Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64. The grounds for invoking Civ.R. 60(B)(5) should be substantial. Id.
The fraud required to be shown in Civ.R. 60(B)(3) is different than "fraud upon the court," which may be used to justify a Civ.R. 60(B)(5) motion. Coulson v. Coulson (1983), 5 Ohio St.3d 12. In Coulson, the Court remarked:
 "Fraud upon the court" is an elusive concept. "The distinction between 'fraud' on the one hand and 'fraud on the court' on the other is by no means clear, and most attempts to state it seem to us to be merely compilations of words that do not clarify." Toscano v. Commr. of Internal Revenue (C.A. 9, 1971), 441 F.2d 930, 933.
One commentator, however, had provided this definition: "'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, inter partes, without more, should not be a fraud upon the court, but redress should be left to a motion under 60(b)(3) or to the independent action." 7 Moore's Federal Practice (2Ed. 1971) 515, Paragraph 60.33. See, also, Serzysko v. Chase Manhattan Bank (C.A. 2, 1972), 461 F.2d 699; Kupferman v. Consolidated Research 
Mfg. Corp. (C.A. 2, 1972), 459 F.2d 1072, 1078; Kenner v. Commr. of Internal Revenue (C.A. 7, 1968), 387 F.2d 689, 691. Accord Hartford v. Hartford (1977), 53 Ohio App.2d 79, at 83-84.
It is generally agreed that "* * * [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense." 11 Wright Miller, Federal Practice and Procedure (1973) 253, Section 2870. Thus, in the usual case, a party must resort to a motion under Civ. R. 60(B)(3). Where an officer of the court, e.g., an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ. R. 60(B)(5) motion for relief from judgment. See Toscano, supra.
Coulson at 15. Thus, in order to show fraud upon the court, and be subject to Civ.R. 60(B)(5)'s more lenient time limits, a party must show that an officer of the court actively participated in defrauding the court. Id.
A motion for relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for a timely appeal. National Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 63; Doe v. Trumbull County Children Services Bd. (1986), 28 Ohio St.3d 128; Justice v. Lutheran Social Services of Central Ohio (1992), 79 Ohio App.3d 439, 442.
Here, Mrs. Huffman cannot rely upon Civ.R. 60(B)(4) because the basis for the Civ.R. 60(B)(4), the pension her husband earned during the marriage, was foreseeable at the time of the divorce. The pension existed prior to the divorce, and the record indicates that Mrs. Huffman's divorce attorney presumably would have found the pension had he investigated Mr. Huffman's assets. Thus, Mrs. Huffman had a opportunity to control the treatment of the pension in the divorce decree.
Here, Mrs. Huffman failed to show that her motion was made within a reasonable time. Because she waited eight years to file a Civ.R. 60(B) motion, she cannot rely upon the grounds in Civ.R. 60(B)(1), (2), or (3). Caruso-Ciresi, Inc. Her only explanation of why eight years is a reasonable time is that she recently learned from a casual conversation that she could be entitled to part of Mr. Huffman's pension earned during their marriage. Absent fraud upon the court, it is unreasonable to allow a party to wait eight years to seek the division of a marital asset when that party failed to investigate the possibility of its existence at the time of the divorce. Mrs. Huffman does not explain why she or her attorney failed to investigate the possibility of Mr. Huffman having a pension.
Moreover, there is absolutely no evidence of fraud upon the court, i.e., active participation in fraud by a court officer. Unlike Seitz v. Seitz (July 23, 1992), Greene App. No. 91CA67, unreported and Booth, supra, on which Mrs. Huffman relies, there is no evidence that Mr. Huffman attempted to conceal a material fact from either her or the court. To the contrary, the parties stipulated that Mr. Huffman did not know of the pension at the time of the divorce proceedings. Thus, it was unreasonable for the trial court to conclude that the parties had committed a fraud upon the court.[2]
While Civ.R. 60(B) is a remedial rule to be liberally construed, Civ.R. 60(B)(5) relief is to be granted only in unusual or extraordinary circumstances. There are no such circumstances here. Furthermore, while we agree that the trial court should have divided the pension plan as a marital asset in the original divorce action,[3] Civ.R. 60(B) is not a substitute for a timely appeal. Thus, legal errors in a judgment may not be corrected by an untimely Civ.R. 60(B) motion.
Thus, we must conclude that the trial court abused its discretion in granting Mrs. Huffman's Civ.R. 60(B) motion for relief from judgment. Because we have found that the trial court erred in granting Mrs. Huffman's Civ.R.60 (B) motion for relief from judgment, we do not address Mr. Huffman's arguments that the trial court erred in issuing the QDRO's because the arguments are moot,[4] i.e., because we find that the trial court erred in granting the Civ.R. 60(B) motion, it did not have the authority to issue the QDRO's. App.R. 12(a)(1)(C).
Accordingly, we sustain Mr. Huffman's first assignment of error, reverse the judgment of the trial court, and remand this case for proceedings consistent with this opinion.
JUDGMENTS REVERSED AND REMANDED.
JUDGMENT ENTRY
It is ordered that the JUDGMENTS BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., Dissent with Attached Opinion.
Evans, J.: Concur in Judgment Only.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Adams App. Nos. 00CA704 01CA709
[1] We conclude that both of Mr. Huffman's appeals are from final appealable orders. The fact that a motion for reconsideration and a motion for an amended QDRO were pending do not compromise the finality of the original QDRO, as a motion for reconsideration by a trial court is a nullity, In re White (1998), 128 Ohio App.3d 387, 389, citing State ex rel. Pendell v. Adams Cty. Bd. of Elections (1988), 40 Ohio St.3d 58,60, and a motion for an amended QDRO would be a separate action.
[2] While a trial court is " best able to determine whether a fraud has been perpetrated upon it [and] * * * the trial court's determination of the issue is entitled to great weight[,]" Coulson at 12, citing Hartford v. Hartford (1977), 53 Ohio App.2d 79, 85, because the parties stipulated that none of the participants (parties and their counsel) knew of the pension at the time of the divorce, there could have been no fraud upon the court.
[3] The parties do not contest that pension benefits accumulated during the marriage are marital assets. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 132.
[4] Because we do not address the merits of the QDRO's, we also do not address the issue we sua sponte ordered the parties to brief, i.e., whether the amended QDRO rendered the appeal of the original QDRO moot.