NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

## IN RE TERMINATION OF PARENTAL RIGHTS AS TO R.S.

No. 1 CA-JV 23-0150
FILED 04-30-2024

---

Appeal from the Superior Court in Maricopa County
No. JS520376
The Honorable Thomas Marquoit, Judge *Pro Tempore*

### REVERSED AND REMANDED

---

COUNSEL

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant Gerald S.*

Udall Shumway, PLC, Mesa
By Steven H. Everts
*Counsel for Appellee Angelica S.*

_____

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Jennifer M. Perkins joined.

_____

**W E I N Z W E I G**, Judge:

**¶1** Gerald S. ("Father") appeals the juvenile court's order denying his motion to set aside its ruling terminating his parental rights to his daughter R.S. ("Child"). We reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

**¶2** Father and Angelica S. ("Mother") are the biological parents of Child, born in August 2007. Father and Mother were never married.

**¶3** In May 2022, Mother petitioned to terminate Father's parental rights on the grounds of abandonment and drug abuse. Mother's process server made several unsuccessful attempts to serve Father over the course of two weeks. The process server located Father's correct address, but did not reach the front door because Father lived in a gated community and his name was not listed on the call box.

**¶4** Afterwards, Mother filed an emergency motion for alternative service pursuant to Arizona Rule of Civil Procedure 4.1(k). The court granted the motion and ordered Mother to serve Father via alternative service and publication. Mother tried to serve Father by email, certified mail and publication.

**¶5** In October 2022, the court held an initial severance hearing and Father did not appear. The court found that Father lacked good cause for his absence and terminated his parental rights on the grounds of abandonment, but not drug abuse.

**¶6** A month after the termination, Father filed a motion for access to the documents in the case. The court granted that motion in January 2023. Father then moved to set aside the termination of his parental rights in April 2023.

**¶7** In July 2023, the court denied Father's motion to set aside the judgment, finding that Father did not act promptly to seek relief and his delay was unreasonable.

**¶8**        Father timely appealed and we have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

**¶9**        We review a trial court's refusal to set aside a judgment for an abuse of discretion. *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215, 218, ¶ 7 (App. 2000).

## I.      Denial of Motion to Set Aside Judgment.

**¶10**        Proper service of process is necessary for a court to have jurisdiction over a defendant. *Ruffino v. Lokosky*, 245 Ariz. 165, 168, ¶ 10 (App. 2018). A judgment is void if it was entered without proper service. *Id.*; *see also Matter of Adoption of Hadtrath*, 121 Ariz. 606, 608 (1979) (explaining a judgment is void if the court lacks jurisdiction over a party). Rule 60(b)(4) authorizes the juvenile court to set aside a judgment when that judgment is void. Ariz. R. Civ. P. 60(b)(4). *See* Ariz. R.P. Juv. Ct. 318(c) ("a motion to set aside a final order must conform to the requirements of Civil Rule 60(b) through (d)").

**¶11**        The juvenile court denied Father's motion to set aside the termination order as void for lack of service as untimely under Rule 60(b)(4). Ariz. R. Civ. P. 60(b)(4). Mother concedes that was error because a void judgment may be challenged at any time. *Ruffino*, 245 Ariz. at 169, ¶ 10; *see also Martin v. Martin*, 182 Ariz. 11, 14 (App. 1994) (explaining there is no time limit for bringing a motion to set aside a void judgment). Accordingly, we vacate and remand for the juvenile court to reach the merits of Father's motion to set aside the judgment.

## II.     Service of Process.

**¶12**        Father next argues he was never properly served. We decline to reach that issue for two reasons. First, the juvenile court never reached that issue, having ruled that Father's motion to set aside was untimely. *See State v. Vera*, 235 Ariz. 571, 573, ¶ 8 (App. 2014) ("[W]e ordinarily do not consider issues on review that have not been considered and decided by the trial court."). Second, the court held no evidentiary proceeding on the service of process issue, so the record has limited facts to reach the issue.

**CONCLUSION**

**¶13** We reverse the juvenile court's denial of Father's motion to set aside the judgment and remand for the court to determine if Father was properly served.



AMY M. WOOD • Clerk of the Court
FILED:    TM