TUROCZY, APPELLEE, *v.* TUROCZY ET AL., APPELLANTS.

(No. 50729—Decided June 23, 1986.)

*Michael H. Peterson,* for appellee.
*Will G. Horbaly,* for appellants.

PARRINO, C.J.  On August 17, 1981, Josephine Donna Turoczy sued Lawrence Turoczy for divorce. The couple entered into a separation agreement on May 26, 1982, and the trial court granted the plaintiff a divorce on June 14, 1982.[1] The trial court incorporated the settlement agreement into the divorce decree after finding it to be fair, just and equitable.

On February 6, 1984, the plaintiff filed a motion for relief from judgment pursuant to Civ. R. 60(B)(5). Plaintiff maintained that her ex-husband had committed a fraud upon the court when he failed to disclose his stock holdings in the settlement agreement.[2] An evidentiary hearing on the motion took place on June 21 and 24, 1985.

At the hearing, Marlene Falcoski testified that her brother, Lawrence Turoczy, had transferred stock to her during the pendency of his divorce. The stock was transferred back to the defendant when his divorce was final.[3] Josephine Turoczy testified that she was unaware of the transferred assets and would not have signed the separation agreement had the defendant given a full disclosure of the marital assets.

Robert Yurich, the defendant's stockbroker, testified that he had talked to Josephine about the stocks prior to the divorce. Lawrence Turoczy also testified. He stated that his wife was aware of the stocks, and that he transferred them to his sister only after his wife had said she did not want them.

In an order filed for journalization on July 10, 1985, the trial court held that the defendant had knowingly and intentionally transferred money and other marital assets to third parties and concealed such assets and transfers from the plaintiff and the court. The trial court further concluded that such a concealment of assets constituted a fraud upon the court. The court stated that the separation agreement was represented by both parties to be a "full and complete disclosure." The trial court reviewed the agreement based on that representation and determined it to be "fair, just and equitable." The defendant, however, through his fraudulent concealment of assets, misled the trial court into concluding that the separation agreement was fair. (The separation agreement was incorporated into the divorce decree.) As a result, the trial court vacated the division of property provisions of the divorce decree pursuant to Civ. R. 60(B)(5).

The defendant filed a timely appeal raising a single assignment of error.

I

Assignment of Error:

"The trial court erred in its order granting the plaintiff relief from judgment pursuant to Ohio Civil Rule 60(B)(5)."

The appellant argues that there was no evidence at the hearing establishing that there had been a fraud perpetrated upon the court and, thus, the property provisions of the divorce decree should not have been vacated. We agree.

While there is no precise definition of "fraud upon the court," the Supreme Court of Ohio in *Coulson* v. *Coulson* (1983), 5 Ohio St. 3d 12, 5 OBR 73, 448

---

[1] The defendant Lawrence Turoczy had previously withdrawn his answer and, thus, the divorce was uncontested.

[2] The stipulated value of the stocks is as follows: $22,000 at the time they were transferred to the defendant's sister, $13,264 on the date the separation agreement was signed, and $12,838 on the date of the divorce decree.

[3] Marlene Falcoski did not pay for the stocks and did not retain any benefits.

N.E.2d 809, cited the following description with approval:

"* * * ' "Fraud upon the court" should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication. Fraud, *inter partes,* without more, should not be a fraud upon the court, but redress should be left to a motion under [Fed. R. Civ. P.] 60(b)(3) or to the independent action.' " (Citations omitted.) *Id.* at 15, 5 OBR at 76, 448 N.E.2d at 811.

The court further stated:

"It is generally agreed that '* * * [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense.' 11 Wright & Miller, Federal Practice and Procedure (1973) 253, Section 2870. Thus, in the usual case, a party must resort to a motion under Civ. R. 60(B)(3). Where an officer of the court, *e.g.,* an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ. R. 60(B)(5) motion for relief from judgment." (Citation omitted.) *Id.* at 15, 5 OBR at 76, 448 N.E. 2d at 812.

In *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, 10 OBR 426, 462 N.E.2d 158, the court held that *Coulson, supra,* had limited "fraud upon the court" to only those instances where an officer of the court perpetrates the fraud. The court stated at 106, 10 OBR at 432-433, 462 N.E.2d at 165:

"Furthermore, Alyce Scholler's reliance on *Coulson, supra,* is tenuous. In *Coulson, supra,* at page 15, we acknowledged that ' "* * * [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense." ' *However, in Coulson this court more narrowly defined 'fraud upon the court' as the situation '[w]here an officer of the court, e.g., an attorney*

* * * *actively participates in defrauding the court * * *.' Id.* at 15. In the case at bar, Alyce Scholler's complaint makes no allegations of fraud committed by any officer of the court. The allegations in the complaint are solely directed to a claim of fraud committed by Michael Scholler. That being the case, *Coulson, supra,* has no application to the instant cause and reliance thereon offers no support to Alyce Scholler's argument." (Emphasis added.)

In the instant case, there was absolutely no evidence that any officer of the court had participated in defrauding the court. Therefore, the trial court erred in vacating the division of property provisions of the divorce decree based on an alleged fraud upon the court.

## II

The trial court's judgment is reversed. The division of property provisions set forth in the divorce decree of June 14, 1982, Vol. 847, Pages 905-914, are hereby reinstated.

NAHRA, J., concurs.

ANN MCMANAMON, J., concurs in judgment only.