LEWIS, Appellant,

v.

BLAIR et al., Appellees.

[Cite as *Lewis v. Blair* (1996), 110 Ohio App.3d 342.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17429.

Decided April 10, 1996.

---

*Louise M. Mazur,* for appellant.

*Jacquelyn M. Blair, pro se.*

*Child Support Enforcement Agency,* for appellees.

---

REECE, Judge.

Appellant, Houston Anthony Lewis, appeals from the judgment of the juvenile court denying his motion for relief from judgment pursuant to Civ.R. 60(B). We affirm.

Jacquelyn Blair gave birth to Sabrina Blair on October 2, 1990. Blair brought a paternity action against Houston Lewis on August 14, 1991, alleging that he was Sabrina's natural father and requesting payment for medical expenses and child support. That same day, Lewis consented to a finding of paternity and the court entered a decree of the father-child relationship.

Approximately three and one-half years later, on March 31, 1995, Lewis moved the trial court to vacate the judgment entry of paternity and to order genetic testing, claiming that Blair had lied when she stated the child was Lewis's. On August 2, 1995, the trial court denied Lewis's motion without hearing. Lewis timely appeals.

Lewis's sole assignment of error is that the juvenile court abused its discretion in denying his Civ.R. 60(B) motion for relief from judgment without providing him an opportunity to brief or argue the motion. We disagree.

 Where a judgment is not void *ab initio,* but rather is voidable, a party may obtain relief from judgment pursuant to Civ.R. 60(B). However, a party filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to relief. *Youssefi v. Youssefi* (1991), 81 Ohio App.3d 49, 52, 610 N.E.2d 455, 456–457. Civ.R. 60(B) provides that a party may obtain relief from judgment for the following reasons:

"(1) [M]istake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to

move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."

To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. These three requirements are independent and in the conjunctive, not the disjunctive. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 66, 5 OBR 120, 122, 448 N.E.2d 1365, 1367. It is within the sound discretion of the trial court to decide whether to grant a motion for relief from judgment; absent a clear showing of abuse of that discretion, the decision will not be disturbed on appeal. See *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 915–916; *Youssefi, supra*, 81 Ohio App.3d at 54, 610 N.E.2d at 457.

In the present case, Lewis claims that he is entitled to relief from judgment because Blair lied to the court. His motion states the following:

"(7) That since the time that Petitioner Houston Anthony Lewis consented to paternity in the within case, it has been discovered that he is not the natural and/or biological father of Sabrina Blair and that a court order should therefore issue vacating the prior Judgment Entry of Paternity specifying that Petitioner is not in fact the father of said minor, and confirming that Petitioner has no obligation for continued child support. (See Affidavit attached as Exhibit A)."

In the affidavit attached to his motion, Lewis avers:

"(2) I previously consented to paternity of Sabrina Blair in this case based upon representations made to me by Jacquelyn Blair, which were false and fraudulent when made, said Jacquelyn Blair being Sabrina Blair's natural/biological mother.

"(3) Since that time, Jacquelyn Blair has informed me that I am definitely not the natural/biological father of Sabrina Blair.

"(4) That I now believe that I am not the natural/biological father of Sabrina Blair given the date of her birth in relation to the last time had [*sic* ] relations with Jacquelyn Blair, her natural biological mother."[1]

In reviewing Lewis's contentions it appears, as the juvenile court correctly concluded, that the basis for his motion lies in Civ.R. 60(B)(3). Lewis does not allege mistake, inadvertence or excusable neglect and he does not claim newly discovered evidence; the reasons set forth in Civ.R. 60(B)(4) do not apply. However, what Lewis does maintain is that Blair "had lied all along and represented that the appellant was the biological father of Sabrina Blair when she in fact knew that he was not. * * * Blair's statement and representation on that judgment order was false, and therefore a fraud upon the court."[2]

Clearly, Lewis's motion was made more than one year after the determination of paternity. See *GTE Automatic Elec., supra*, at paragraph two of the syllabus. Thus, the juvenile court did not abuse its discretion in denying Lewis's motion for relief from judgment pursuant to Civ.R. 60(B)(3) without entertaining briefs or argument. See *Bednar v. Bednar* (1984), 20 Ohio App.3d 176, 178, 20 OBR 219, 221–222, 485 N.E.2d 834, 836.

Lewis argues that his motion should be entertained under the "catch all" provision of Civ.R. 60(B)(5), thereby requiring him to make his motion not within one year, but rather within a "reasonable time." However, as discussed in footnote two of this opinion, Lewis does not allege facts which constitute a fraud upon the court warranting consideration under Civ.R. 60(B)(5). See, *e.g., Turoczy v. Turoczy* (1986), 30 Ohio App.3d 116, 30 OBR 216, 506 N.E.2d 942. A party cannot convert a Civ.R. 60(B)(3) motion into a Civ.R. 60(B)(5) motion merely by characterizing conduct as fraud upon the court. *CIT Fin. Serv., Inc. v. Lazzano* (Apr. 12, 1984), Cuyahoga App. No. 47401, unreported, 1984 WL 5461. Additionally, Civ.R. 60(B)(5) will apply only when one of the specific provisions enumerated in Civ.R. 60(B)(1)–(4) does not apply. *Strack, supra*, 70 Ohio St.3d at 174, 637 N.E.2d at 916. In the case *sub judice*, Civ.R. 60(B)(3) is applicable.

---

1. This item does much to detract from the claim of a meritorious defense. At the time he consented to a finding of paternity Lewis would have known both Sabrina's birth date and the last date of relations with Blair. If those dates rendered Blair's claim impossible or in the least improbable, Lewis could have contested paternity.

2. In the Civ.R. 60(B) context, Blair's alleged misrepresentation would not be a fraud upon the court, but rather a Civ.R. 60(B)(3) fraud by an adverse party. See Staff Note, Civ.R. 60(B); *Scholler v. Scholler* (1984), 10 Ohio St.3d 98, 106, 10 OBR 426, 432–433, 462 N.E.2d 158, 165. The Staff Note to the rule explains that the "catch all" provision of Civ.R. 60(B)(5) is often used to vacate judgments obtained by fraud upon the court. Fraud upon the court is distinguished from Civ.R. 60(B)(3) fraud by an adverse party as including, for example, the bribing of a juror by a third party.

■ Even assuming that Lewis alleged facts necessary to bring his motion within the "catch all" provision of Civ.R. 60(B)(5), it would not be an abuse of the trial court's discretion to determine that three and one-half years was an unreasonable amount of time in which to bring his motion, considering that Lewis knew at the time of the paternity hearing that the dates of birth and conception created an improbability that he was Sabrina's father. Additionally, such knowledge goes far in demonstrating that Lewis lacks a meritorious claim or defense to present if relief were granted.

■ It is a fundamental legal principle that there should be finality in every case, and that once judgment is entered it should be disturbed only under the proper circumstances. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 100, 68 O.O.2d 251, 253, 316 N.E.2d 469, 473. The instant case does not present the proper circumstances.

Based on the foregoing, we hold that the juvenile court did not abuse its discretion in denying Lewis's motion for relief from judgment without hearing. Lewis's sole assignment of error is overruled.

Lewis's sole assignment of error is overruled and the judgment of the juvenile court denying his motion for relief from judgment pursuant to Civ.R. 60(B) is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and SLABY, J., concur.