This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Gloria Hoyt[1] has appealed a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied her motion for relief pursuant to Civ.R. 60(B). This Court affirms.
Appellant Gloria Hoyt and appellee Roger Hoyt were divorced on June 21, 1984. On March 7, 2000, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). Appellant maintained that her ex-husband had failed to disclose certain marital assets, thereby depriving her of the right to enjoy the distribution of those assets. In ruling on appellant's Civ.R. 60(B) motion, the trial court found:
 [Gloria] alleges that [Roger] committed fraud by not informing either herself or her attorney of a pension fund that [Roger] had an interest in, the existence of which was only discovered by [Gloria] sometime in late 1999.
 While [Gloria] does not state which subsection of Civ.R. 60(B) her motion is pursuant to, this clearly falls under Civ.R. 60(B)(3) which states that a "court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons[* * *] (3) fraud * * *, misrepresentation or other misconduct of an adverse party."
(Alterations added.) The lower court denied the motion without a hearing, concluding that appellant had filed her motion well beyond the one-year period imposed by Civ.R. 60(B)(3).
Appellant has timely appealed, and has assigned two errors for our review.
 ASSIGNMENT OF ERROR I The trial court erred by treating Appellant's Civ.R. 60(B) motion under Civ.R. 60(B)(3) when the motion clearly stated it was grounded under Civ.R. 60(B)(5).
 ASSIGNMENT OF ERROR II Because the trial court treated the motion under (B)(3), with its one-year time limitation, the court's review was flawed and produced an unjust result.
In her two assignments of error, appellant asserts that the trial court erred in denying her motion for relief from the 1984 judgment. This Court disagrees.
In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v. Toledo City School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 106, 107. In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) relief is improper if one of the requirements is not satisfied. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174; Svobodav. Brunswick (1983), 6 Ohio St.3d 348, 351.
Appellant asserts in her first assignment of error that because she specifically requested relief under Civ.R. 60(B)(5), the trial court was required to analyze her motion under that subsection. This Court disagrees. Although appellant is correct in her assertion that she expressly requested relief under subsection (5) of Civ.R. 60(B), this Court finds that the trial court did not err in applying Civ.R. 60(B)(3).
The basis of appellant's Civ.R. 60(B) motion is that appellee committed fraud by failing to disclose certain marital assets to appellant or appellant's attorney prior to the judgment of divorce in 1984. Such an allegation is properly analyzed under Civ.R. 60(B)(3). "`Civ.R. 60(B)(5) applies only when a more specific provision does not apply." CuyahogaSupport Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, 440, quoting Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Civ.R. 60(B)(3) applies to fraud or misrepresentation by an adverse party. Coulson v. Coulson (1983), 5 Ohio St.3d 12, 15; Staff Note, Civ.R. 60(B). Here, Civ.R. 60(B)(3) specifically addresses fraud by an adverse party; thus, there is no reason to invoke the less specific catchall provision, Civ.R. 60(B)(5).
Appellant further alleges, in her second assignment of error, that appellee's actions of not previously disclosing the existence of the assets amounts to fraud upon the court, and thus, Civ.R. 60(B)(5) is the appropriate subdivision to apply. However, this Court has previously explained that:
 Civ.R. 60(B)(3) provides for relief on the grounds of fraud and Civ.R. 60(B)(5) provides for relief for any other reason justifying relief. Courts have struggled with the concept of "fraud upon the court" in relation to which of these two provisions of Civ.R. 60(B) governs such fraud. As a general rule, fraud upon the court consists of only that "species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases * * *." Coulson v. Coulson (1983), 5 Ohio St.3d 12, 15
(citations omitted). Fraud between the parties, on the other hand, "without more, should not be fraud upon the court, but redress should be left to a motion under [Civ.R.] 60[(B)(3)] or to the independent action." Id. Thus, if the fraud is connected with the presentation of the case, Civ.R. 60(B)(3) provides the avenue of relief while fraud connected with the active deception of an attorney falls under Civ.R. 60(B)(5)'s ambit. See, also, Turoczy v. Turoczy (1986), 30 Ohio App.3d 116.
(Alterations in original.) Austin v. Payne (1995), 107 Ohio App.3d 818,822-823. See, also, Lewis v. Blair (1996), 110 Ohio App.3d 342, 346, fn. 2, wherein this Court held that misrepresentation to the court by a party concerning parentage "would not be a fraud upon the court, but rather a Civ.R. 60(B)(3) fraud by an adverse party. See Staff Note, Civ.R. 60(B); Scholler v. Scholler (1984), 10 Ohio St.3d 98, 106." We hold, therefore, that Civ.R. 60(B)(3) is the provision of the rule that applies to appellant's claim.
Because the grounds for relief appellant requested are governed by Civ.R. 60(B)(3), her motion must have been made not more than one year after judgment. See GTE, supra. Appellant filed her Civ.R. 60(B) motion in 2000, approximately sixteen years after the judgment of divorce. This filing delay falls far outside the one-year time limitation imposed by Civ.R. 60(B)(3). The fact that appellant filed her motion shortly after she discovered the alleged hidden assets is not legally relevant. The time limits of Civ.R. 60(B) refer to the judgment from which relief is sought, not to the time of discovery of the assets. Cuyahoga SupportEnforcement Agency v. Guthrie, 84 Ohio St.3d 437, 441.
Appellant's first and second assignments of error are overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ DONNA J. CARR
BAIRD, P.J., WHITMORE, J. CONCUR.
[1] Gloria Hoyt has indicated on her filings that she is now known as Gloria Chambers.