[Cite as *Henry Cty. Bank v. Dudley*, 2022-Ohio-4192.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

The Henry County Bank

Appellee

v.

Joyce A. Honeck Dudley, et al.

Appellants

Court of Appeals No. L-21-1192

Trial Court No. CI0201902813

**<u>DECISION AND JUDGMENT</u>**

Decided: November 23, 2022

* * * * *

Howard B. Hershman, for appellee.

Erik G. Chappell and Julie A. Douglas, for appellants.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellants, Joyce A. Honeck Dudley and Daniel F. Dudley, appeal from a judgment entered by the Lucas County Court of Common Pleas denying their motion for relief from judgment under Civ.R. 60(B). For the reasons that follow, we affirm the judgment of the trial court.

## Statement of the Case and the Facts

{¶ 2} On June 17, 2019, appellee, The Henry County Bank ("HCB"), filed a complaint for foreclosure against appellants in the Lucas County Court of Common Pleas seeking to foreclose upon a mortgage that was granted by appellants in conjunction with a loan that was made to an entity known as Toledo Radio. On November 7, 2019, HCB filed a motion for summary judgment. Appellants' counsel did not file a response to the motion for summary judgment, and a judgment and decree of foreclosure was entered on January 31, 2020.

{¶ 3} An order of sale was issued by the court for the sale of appellants' property, on or about May 18, 2020. However, on or about March 2, 2021, an order of sale return was filed with the court stating that all pending sheriff's sales of occupied property were cancelled and postponed due to orders issued by the Lucas County Common Pleas Court temporarily staying foreclosure matters in response to the COVID-19 public health crisis until after June 30, 2021. The sale has not yet been rescheduled.

{¶ 4} On or about July 14, 2021, appellants, through new counsel, filed a motion for relief from judgment pursuant to Civ.R. 60(B) and to stay the proceedings to enforce judgment pursuant to Civ.R. 62(A). As grounds for their motion for relief from judgment, appellants specifically and exclusively reference the claims and defenses set forth in a complaint and amended complaint that they filed in a subsequent case, Lucas County Common Pleas Court case No. CI0202102304, captioned *Daniel E. Dudley, et al. v. Toledo Radio, LLC, et al.* ("2021 case"). The complaint and amended complaint in the

2.

2021 case asserted claims against HCB as well as the following non-parties to the current appeal: Toledo Radio, LLC ("Toledo Radio"), Patton Advertising Enterprises, LLP, DJH Holdings, LLC ("DJH Holdings"), William Wendt, President of HCB ("Wendt"), Lora Koralewski ("Koralewski"), Daniel J. Haslinger ("Haslinger"), and Daniel J. Haslinger dba Patton Advertising Enterprises. The complaint and amended complaint alleged claims of fraudulent misrepresentation, fraudulent inducement, fraudulent concealment, negligent misrepresentation, promissory fraud, breach of contract, unjust enrichment, fraudulent transfer, civil conspiracy, and contribution.

{¶ 5} The 2021 case centers upon Toledo Radio's ownership and operation of a radio broadcast station known as WPFX (FM), in Luckey, Ohio. Toledo Radio was a borrower under cognovit promissory notes totaling over $1,400,000. HCB issued these notes, and appellants were guarantors on each. Assets of Toledo Radio that were pledged as security for the notes included, but were not limited to, Toledo Radio's leasehold interest in a Tower Site Agreement to erect a tower and construct a building to house transmitting equipment on a parcel of land containing approximately 5.5 acres, together with Toledo Radio's accounts and other rights to payment, inventory, instruments and chattel paper, general intangibles, government payments and programs, and deposit accounts. Ultimately, Toledo Radio defaulted in its payment obligations and HCB obtained judgments against Toledo Radio and the guarantors, including appellants.

{¶ 6} In both the current and 2021 cases, including in the subject motion for relief from judgment, appellants allege that HCB wrongfully elected to pursue only the

3.

guarantors under the notes and not to pursue any collection action against Toledo Radio for known and secured assets that would have been sufficient to pay off all debts owed to HCB by Toledo Radio. Appellants further allege, in both cases, that the current members of Toledo Radio – specifically, Koralewski, Haslinger, and DJH Holdings – refused to sell Toledo Radio, which would have ensured the amounts were paid to HCB and, instead, made the decision to form a new sham entity to purchase Toledo Radio to further their own interests at the expense of appellants and other guarantors and to fraudulently procure transfer of Toledo Radio's FCC license to an entity owned by Koralewski, Haslinger, and DJH Holdings. Finally, appellants allege, in both the current and 2021 cases, that HCB was involved in and/or had knowledge of the sham transaction and, further, did not take any action to prevent the sale of all assets of Toledo Radio to the sham entity.

{¶ 7} On September 17, 2021, HCB and Wendt filed a motion to dismiss the amended complaint in the 2021 case for failure to state a claim against them. On November 17, 2021, the trial court issued an opinion and journal entry granting the motion. Appellants appealed that decision to this court, but the appeal was ultimately dismissed, on January 3, 2022, for lack of a final, appealable order.

{¶ 8} On October 7, 2021, the trial court entered an order in the 2019 case denying appellants' motion for relief from judgment pursuant to Civ.R. 60(B) and for a stay of proceedings to enforce the judgment pursuant to Civ.R. 62(A). Appellants timely filed a notice of appeal on October 15, 2021. Thereafter, appellants filed a motion in the trial

4.

court seeking a stay of execution on appeal and a request for waiver of any requirement to post a supersedeas bond. On November 22, 2021, the trial court issued an order stating that "in order to effectuate a stay pending appeal pursuant to Civ.R. 62(B), [appellants] must post a supersedeas bond in the amount of $253,000.000." Appellants subsequently filed a motion to stay execution of judgment and request for waiver of supersedeas bond with this court. This court granted the motion in its entirety.

## Assignments of Error

{¶ 9} Appellant asserts the following assignments of error on appeal:

I. The Trial Court abused its discretion by denying Appellants' Motion for Relief from Judgment pursuant to Civ.R. 60(B).

II. The Trial Court abused its discretion by denying Appellants' Motion for Stay of Proceedings to Enforce Judgment pursuant to Civ.R. 62(A).

## Analysis

{¶ 10} Appellants argue in their first assignment of error that the trial court abused its discretion in denying their motion for relief from judgment pursuant to Civ.R. 60(B). Civ.R. 60(B) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *

{¶ 11} To prevail on a motion for relief from judgment under any part of Civ.R. 60(B), a party must demonstrate:

(1) The party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 12} Appellants in the instant case base their claim for relief from judgment under Civ.R. 60(B)(5). "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 448 N.E.2d 1365(1983),

6.

paragraph one of the syllabus. In addition, "[t]he grounds for invoking Civ.R. 60(B)(5) should be substantial." *Id.* at paragraph two of the syllabus.

{¶ 13} "A party seeking relief under Civ.R. 60(B) is required to allege 'operative facts' that support the claim, but 'is not required to support its motion with evidentiary materials * * *.'" *Treasurer of Lucas Cty. v. Mt. Airy Investments Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 24, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d. 18, 20, 665 N.E.2d 1102 (1996). "If the trial court determines that the movant failed to allege operative facts that would warrant relief under Civ.R. 60(B), it may deny the motion without a hearing. *Treasurer of Lucas Cty.* at ¶ 24, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶ 14} An appeal from a Civ.R. 60(B) determination is reviewed under an abuse of discretion standard. *Worthington v. Admr., BWC*, 2d Dist. Miami No. 2020-CA-10, 2021-Ohio-978, 169 N.E.3d 735, ¶ 19.

{¶ 15} In the instant case, the trial court stated in its October 7, 2021 order denying the motion:

Movants invoke this 'catch-all' provision of the Rule, despite the clear application of subsection (3), which allows a judgment to be vacated due to 'fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party.' Movants premise their argument upon their complaint filed in case number CI-21-2304, filed June 17, 2021 and assigned to this court's commercial docket

7.

and the averments contained therein.  The complaint alleges that Plaintiff herein, The Henry County Bank, conspired with others to defraud Movants. The trial court went on to list the claims brought by appellants in the 2021 case against HCB and the other defendants, and ultimately concluded as follows:

> Civ.R. 60(B) states that a motion for relief from judgment premised upon fraud, misrepresentation or misconduct of an adverse party shall be made 'not more than one year after the judgment, order or proceeding was entered or taken.'  The judgment in this case was entered January 31, 2020. The instant motion [filed on July 14, 2021] is untimely.  It is therefore DENIED.

{¶ 16} Appellant argues that the trial court, in denying appellants' motion, erred in failing to take into consideration the extended temporary stay of foreclosure matters that was issued in response to the COVID-19 public health crisis and was effective during the time period in question.  *See* Toledo Legal News, Jan. 4, 2020, Extended Temporary Stay of Foreclosure Matters, https://www.toledolegalnews.com/articles/index/id/23621 (staying motion practice in all open, pending foreclosure cases until December 31, 2020); Toledo Legal News, Jan. 1, 2021, Extended Temporary Stay of Foreclosure, https://www.toledolegalnews.com/articles/index/id/24048 (extending the previous temporary order, including motion practice in all open, pending foreclosure cases). Pursuant to the temporary stay, "[m]otion practice in all open, pending foreclosure cases is hereby stayed until June 30, 2021."  The law is clear, however, that where a final

8.

decree of foreclosure has been issued the action is no longer pending. *See Geauga Savings Bank v. Berg,* 2017-Ohio-1368, 89 N.E.3d 69, ¶ 8 (8th Dist.); *see also Countrywide Home Loans Servicing v. Nichpor*, 136 Ohio St.3d 55, 2013-Ohio-2083, 990 N.E.3d 565, ¶ (Holding that after a judgment entry grants a decree of foreclosure and order of sale, the foreclosure action cannot be dismissed pursuant to Civ.R. 41(A)(1)(a), because that rule pertains only to the voluntary dismissal of a *pending* case.). Because, in appellants' case, the final judgment and decree of foreclosure had, in fact, been issued, appellants' case was no longer "pending," and the provisions of the extended temporary stay of foreclosure matters did not apply thereto.

{¶ 17} Even, assuming arguendo, that the stay did apply in this case, it would still be unavailing to appellants, because appellants filed their motion for relief from the January 31, 2020 judgment more than a year after the judgment was issued *and* two weeks after the stay was lifted, on July 14, 2021.

{¶ 18} Under the circumstances of this case, we find that the trial court did not abuse its discretion in ruling that appellants' motion -- filed approximately a year and a half after the judgment and decree of foreclosure was issued in this case -- was untimely under Civ.R. 60(B)(3).

{¶ 19} The question then becomes whether the trial court properly construed appellants' motion, which was filed as a Civ.R. 60(B)(5) motion, as a Civ.R. 60(B)(3) motion. Appellants, themselves, summarized the operative facts in support of their claim for relief from judgment as follows:

9.

The Complaint reveals fraudulent activity by the current members of Toledo Radio (who were non-parties to this case) which has been acquiesced in by HCB to support a stockholder of HCB. To allow the [foreclosure] Judgment to stand without any consideration of the meritorious claims being made by Defendants in Case No. CI-02021023404 (Which Defendants have requested be consolidated with this case) would be a grave miscarriage of justice and would cause irreparable damage to Defendants.

Although appellants now claim, on appeal, that HCB failed to mitigate its damages, failed to join all claims arising out of the same transaction or occurrence, and failed to join all persons that were necessary to adjudicate the action, the claims that they alleged in their motion for relief from judgment asserted only that the judgment should be vacated due to fraud, misrepresentation or other misconduct of an adverse party. Such allegations clearly invoke the application of Civ.R. 60(B)(3). As Civ.R. 60(B)(5) is not to be used as a substitute for Civ.R. 60(B)(3), the trial court did not abuse its discretion in construing the matter as falling under Civ.R. 60(B)(3). *See Caruso-Ciresi, Inc.*, 5 Ohio St.3d 64, 448 N.E.2d 1365(1983), paragraph one of the syllabus. In addition, because appellants failed to allege operative facts that would warrant relief under Civ.R. 60(B)(3), the trial court did not abuse its discretion in denying appellants' motion without a hearing. *See Treasurer of Lucas Cty.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 24.

10.

**{¶ 20}** For all of the foregoing reasons, appellant's first assignment of error is found not well-taken. The judgment of the Lucas County common pleas court denying appellants' Civ.R. 60(B) motion for relief from judgment is affirmed. In addition, because this court granted the motion for stay of execution of judgment and request for waiver of supersedeas bond that appellants filed with this court, appellants' second assignment of error, alleging that the trial court abused its discretion by denying appellants' motion for stay of proceedings to enforce judgment pursuant to Civ.R. 62(A), is dismissed as moot. Since the court has now affirmed the judgment of the trial court, that stay of execution of judgment is now lifted. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                    _____
                                                       JUDGE

Christine E. Mayle, J.
CONCURS AND WRITES            _____
SEPARATELY.                               JUDGE


Gene A. Zmuda, J.
DISSENTS AND WRITES
SEPARATELY.

**MAYLE, J.**

{¶ 21} I concur in judgment. I write separately to clarify that I agree with the detailed tolling analysis of the dissenting judge. That is, given the tolling that occurred between March 9, 2020, and July 30, 2020, due to the COVID-19 Tolling Order, appellants' motion was due on or about June 24, 2021 (one year after judgment, plus 144 days of tolling). And, although a local administrative order stayed motion practice "in all open, pending foreclosure cases" for the period ending June 30, 2021, this matter was no longer open and pending at that time. Accordingly, "the only pertinent issue is whether the trial court correctly determined the motion was properly addressed under Civ.R. 60(B)(3) * * *," as stated in the dissent.

{¶ 22} On that issue, however, I agree with the lead opinion. Appellants' motion was properly considered under Civ.R. 60(B)(3) because it clearly alleged "fraud * * *, misrepresentation or other misconduct *of an adverse party* * * *"—i.e., The Henry County Bank. (Emphasis added.)

{¶ 23} In their motion, appellants claimed that the bank conspired with certain non-parties to facilitate a "sham" sale of Toledo Radio that was designed to protect the non-parties' financial interests and defraud appellants, who would be left holding the bag for Toledo Radio's debts. Essentially, appellants alleged that but for the bank's fraud, misrepresentation, and other misconduct, the bank could not have foreclosed upon their house because other assets would have been available to satisfy the debt that Toledo Radio owed to the bank. Presumably, if the bank's alleged misconduct had been

12.

discovered earlier, it could have formed the basis of counterclaims against the bank in this proceeding. Accordingly, appellants' motion was properly considered under Civ.R. 60(B)(3), rather than Civ.R. 60(B)(5).

{¶ 24} Moreover, I think it is important to emphasize that "fraud on the court"— which can provide an "other reason justifying relief from the judgment" under Civ.R. 60(B)(5)—is an extremely narrow concept. """"The principal concern motivating narrow construction is that the otherwise nebulous concept of 'fraud on the court' could easily overwhelm the specific provision of 60(b)(3) and its time limitation and thereby subvert the balance of equities contained in the Rule."""" *Molnar-Satterfield v. Molnar*, 2d Dist. Greene No. 2020-CA-52, 2021-Ohio-2698, ¶ 18, quoting *Roubanes Luke v. Roubanes*, 2018-Ohio-1065, 109 N.E.3d 671, ¶ 23 (10th Dist.), quoting *Great Coastal Express, Inc. v. Internatl. Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir.1982). For that reason, fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by the officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *K.H. v. A.S.*, 6th Dist. Lucas No. L-10-1071, 2011-Ohio-547, ¶ 48, quoting 7 Moore's Federal Practice (2d Ed.1971) 515, Paragraph 60.33. In other words, fraud on the court is very literal—it is limited to fraud *on the court* itself— and includes "egregious misconduct" like bribery of a judge or jury by a third party, or fabrication of evidence by counsel. *Barton v. Barton*, 2d Dist. Greene No. 2015-CA-53, 2016-Ohio-5264, ¶ 19; *Stairwalt v. Stairwalt*, 2d Dist. Champaign No. 2007 CA 30,

13.

2008-Ohio-2597, ¶ 14, citing 1970 Staff Note, Civ.R. 60(B); *Hartford v. Hartford*, 53 Ohio App.2d 79, 371 N.E.2d 591 (8th Dist.1977); and *Lewis v. Blair*, 110 Ohio App.3d 342, 674 N.E.2d 402 (9th Dist.1996). For this reason, fraud on the court "refer[s] to very unusual cases involving 'far more than an injury to a single litigant.'" 11 Wright, Miller, & Kane, *Federal Practice and Procedure*, Section 2870 (3d Ed.2012, Supp.2022).

{¶ 25} Here, appellants merely allege injury to themselves, and do not allege that the court, itself, was defrauded in any way. Rather, they allege that the adverse party— the bank—engaged in fraud and other misconduct to obtain judgment against appellants in this proceeding. For this reason, their motion for relief from judgment was time barred under Civ.R. 60(B)(3), and the trial court should be affirmed.

**ZMUDA, J.**

{¶ 26} I write separately to address the conflation of tolling and stay and the majority's judicial notice of proceedings beyond the record of this case, and to distinguish between de novo review and review for an abuse of discretion. Because I find these considerations are dispositive of the issues on appeal, I dissent from the majority's conclusions regarding the issues, and would reverse and remand the matter for consideration under Civ.R. 60(B), as stated within.

<strong>Background and Procedural History</strong>

{¶ 27} The issues on appeal, in an apparently simple foreclosure matter, are more complex considering the facts and history of this litigation. Accordingly, the facts and the history warrant some discussion.

**{¶ 28}** This case concerns a commercial note and mortgage. Based on the initial complaint in the present case, on December 9, 2009, Toledo Radio, LLC, executed the note and mortgage in favor of The Henry County Bank (the Bank) to secure a $1.35 million loan. As security, Toledo Radio, LLC granted the bank an interest in all property, including the following real estate:

> 1025 Lake Park Dr. Birmingham, Michigan;
>
> 29605 Gleneagles Road Perrysburg, Ohio;
>
> 153.729 more/less acres farm ground in Richfield and Monroe Township Henry County, Ohio; and
>
> 41.620 more/less acres farm ground in Monroe Township Henry County, Ohio.

The note contained a cognovit provision, confessing judgment, and the signatures of Daniel P. Dudley, Member/Personal; James E. McRitchie, Member/Personal; Joyce A. Honeck-Dudley, Personal; and Sally A. McRitchie, Personal.

**{¶ 29}** In addition to the real property listed as security, Addendum A to the note provided the following:

> The Following Security Interests are included in The Henry County Bank Note # 10017045
>
> > 1. Entire Membership Interests of Daniel F. Dudley and James E. McRitchie in Toledo Radio, LLC an Ohio Limited Liability Company.

15.

2. Leasehold interest of Toledo Radio, LLC in a Tower Site

Agreement to erect a tower and construct a building to house transmitting

equipment (together with ingress and egress) on a parcel of land containing

approximately 5.50 acres, more or less, owned by Daniel J. Eckel and

Donna Jean Eckel, and located in the North half (1/2) of the West half (1/2)

of the Northwest quarter (1/4) of Center Township, Wood County, Ohio,

and being part of Parcel #CI1-511040000008000

{¶ 30} On June 2, 2017, the Dudleys executed a new mortgage, pledging 8557 Stone Oak Drive Holland, Ohio as additional security for the 2009 note.

{¶ 31} On June 17, 2019, the Bank filed its complaint for foreclosure on the commercial docket, alleging default on the note and an amount of $259,314.87 due and owing on the promissory note as of April 15, 2019.  Additionally, the Bank claimed judgment liens recorded against the subject property as LN0201813014 in the amount of $50,136.49 and LN0201904904 in the amount of $41,943.37.  The Bank sought foreclosure and sale of the Stone Oak property to collect on the judgment and the liens, but did not seek judgment on the note within its complaint.  The Bank included a copy of the note and mortgage as exhibits to the complaint, as well as a judicial report that listed liens against the subject property, with those liens including a mortgage in the amount of $22,000.00 from the Dudleys to First Federal Savings and Loan Association of Lakewood, dated June 5, 2017 and recorded June 7, 2017 and a mortgage in the amount

16.

of $1,3500,000.00 from the Dudleys to the Bank dated June 2, 2017 and recorded June 7, 2017, subsequent to First Federal's mortgage.

{¶ 32} On October 7, 2019, the Dudleys filed an answer, denying the amount claimed as due and owing. The Dudleys also raised the failure to join necessary parties, the other obligors on the promissory note, as an affirmative defense, despite the fact they were the only record owners of the real property at issue in a foreclosure to execute against that property after allegedly obtaining money judgments.

{¶ 33} On November 7, 2019, the Bank filed a motion for summary judgment, arguing the 2009 note was previously reduced to judgment in Henry County, with no appeal taken, and the balance of the mortgage alleged in the complaint is an accurate balance. These allegations were not included in the complaint. The Bank further argued that the note provides for independent obligations, to wit:

> I understand that I must pay this note even if someone else has also agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me alone, or anyone else who is obligated on this note, or any number of us together, to collect this note

While acknowledging the Dudleys' potential claims for contribution against other parties, the Bank argued it was entitled to the equitable remedy of foreclosure, and sale of the property, as a remedy under the note.

{¶ 34} In support of its motion, the Bank provided the affidavit of William Morey, a loan officer for the Bank with knowledge of the loan to Toledo Radio, LLC. Morey

17.

attested to judgment on the note in the Henry County Court of Common Pleas in case No. 19-CV-0018, with judgment in the sum of $259,314.87 plus interest from April 15, 2019, and no payment of that amount by the Dudleys.

{¶ 35} The Dudleys filed no response in opposition to the motion, and on January 31, 2020, the trial court granted the motion for summary judgment and entered judgment in foreclosure in favor of the Bank and against the Dudleys ordering the property to be sold. The judgment entry noted that First Federal Savings and Loan Association of Lakewood held the first mortgage on the premises, without referencing the amount of the obligation owed to that entity. The entry also referenced the two judgment liens ($50,136.49 plus interest from June 13, 2018 and costs and $41,943.37 plus interest from February 5, 2019 and costs), as well as the Bank's mortgage, but did not otherwise enter or note judgment on the Bank's note prior to entering judgment "upon said mortgage" in the amount of $259,314.87 together with interest from April 15, 2019.[1]

{¶ 36} The Dudleys filed no appeal of the judgment, and about a month later, the matter was swept up by the worldwide COVID-19 pandemic.

{¶ 37} Effective March 9, 2020, the Ohio Supreme Court tolled time requirements imposed by its rules, due to the state of emergency declared in response to the COVID-19 pandemic. *03/27/2020 Administrative Actions,* 2020-Ohio-1166; *05/15/2020 Administrative Actions,* 2020-Ohio-2975. This tolling froze time from the date the tolling

---

[1] No challenge was raised regarding the validity of the judgment entry in light of these irregularities.

began, March 9, 2020, until expiration of the order upon the expiration of the state of emergency or on July 30, 2020, whichever occurred first.

{¶ 38} The trial court adopted local rules to supplement this order, addressing courthouse operations by minimizing in-person proceedings through continuances and the use of teleconferencing, with many civil matters continued until after May 4, 2020 and criminal costs and restitution stayed until May 4, 2020. On April 16, 2020, the trial court extended its temporary administrative orders until May 18, 2020.

{¶ 39} Specific to foreclosure proceedings, the trial court entered several administrative orders, staying post-judgment proceedings for sale of occupied property.

{¶ 40} On May 18, 2020, at the expiration of the first stay, an order of sale issued for the Dudleys' property, almost 5 months after the entry of judgment. The Dudleys took no action upon notice of an order of sale.

{¶ 41} On February 24, 2021, the trial court entered a new administrative order regarding foreclosure proceedings, ordering the following:

> Motion practice in all open, pending foreclosure cases is hereby stayed until June 30, 2021. Plaintiffs' counsel may file a motion in individual cases to exempt matters concerning vacant and abandoned property from the stay, or for other good cause.

> All pending sheriff's sales of OCCUPIED PROPERTY are cancelled and postponed until after June 30, 2021.

19.

All sheriff's sales of VACANT OR ABANDONED PROPERTY, or *other property otherwise exempted from the stay*, MAY GO FORWARD as scheduled * * *

Plaintiffs wishing to cancel any currently scheduled post-judgment sheriff's sale due to directives from the mortgage servicer shall direct an appropriate motion to the Foreclosure Magistrate's office.

* * *

No writs of possession shall be issued or executed upon until after June 30, 2021.

Any foreclosure matter pending in mediation may proceed towards resolution through mediation, solely through telephone or email updates.

Pursuant to this notice, the sale of the property was returned on March 2, 2021, with the following notation:

CANCELLED PER ADMINISTRATIVE ORDER STAMPED ON FEBRUARY 24, 2021, ANY PENDING PRAECIPES FOR ORDER OF SALE UNDER THE PREVIOUS IN-PERSON LUCAS COUNTY SHERIFF SALE SYSTEM SHALL BE RETUREND AS UNSOLD AND AN ALIAS PRAECIPE FOR ORDER OF SALE SHALL BE FILED AT TERMINATION OF STAY

**{¶ 42}** On June 18, 2021, new counsel entered an appearance on behalf of the Dudleys, and the Dudleys requested a stay of further proceedings, based on their suit

20.

against Toledo Radio, LLC in Lucas County case No. CI 202102304. Within their motion for stay, the Dudleys noted the current administrative order staying foreclosure and sale of occupied property until June 30, 2021, with no indication whether the date would be extended beyond June 30, 2021. The trial court did not rule on the motion seeking a further stay, and on July 1, 2021, the Bank filed a brief in opposition, noting the expiration of the administrative order. The Dudleys filed a reply memorandum, in support of a further stay, on July 8, 2021.

{¶ 43} On July 13, 2021, the trial court transferred the matter to the docket of the judge presiding over case No. CI 202102304, as a companion case, without ruling on the motion for stay. The receiving judge also signed the order to join the two cases. The next day, on July 14, 2021, the Dudleys filed their motion for relief from judgment pursuant to Civ.R. 60(B)(5), combined with a motion for stay pursuant to Civ.R. 62(A).

{¶ 44} On July 15, 2021, the newly assigned judge entered an order noting the consolidation of a "closed case with an open and pending one." Despite previously ordering the two cases joined as companion/related cases, the new trial court denied the motion for consolidation while also retaining the matter for briefing on the motion seeking relief from judgment. The court, furthermore, ordered a stay of execution of the judgment in foreclosure until ruling on the Civ.R. 60(B) motion. As part of the briefing on the motion for relief from judgment, the Dudleys filed a copy of their complaint in case No. CI 202102304.

21.

{¶ 45} On October 7, 2021, the trial court denied the Dudleys' motion for relief, summarily construing the relief sought under Civ.R. 60(B)(5) as more appropriately addressed under Civ.R. 60(B)(3). The trial court referenced allegations of fraud within case No. CI 202102304 without consideration of the fraud contemplated under the two provisions of Civ.R. 60, (B)(3) and (B)(5). Because a motion under Civ.R. 60(B)(3) must be filed within one year of the judgment, the trial court denied the motion as untimely. With the denial of the motion, the trial court further determined there was no pending motion to justify a stay of execution of judgment, and denied the Dudleys' motion for stay pursuant to Civ.R. 62(A).

**Appeal and Stay**

{¶ 46} The Dudleys filed a timely appeal of the judgment, along with a motion for stay of execution of the judgment in the trial court. While the Dudleys' requested waiver of any requirement to post a supersedeas bond, the trial court granted the motion and required a supersedeas bond in the amount of $253,000.00. The Dudleys then sought an order of this court staying execution of the foreclosure judgment and waiving the bond requirement. On January 11, 2022, we granted the Dudleys' motion for stay of execution pursuant to App.R. 7(A), pending resolution of the present appeal.

{¶ 47} In their appeal, the Dudleys raise the following as error:

No. 1: The Trial Court abused its discretion by denying Appellants' Motion for Relief from Judgment pursuant to Civ.R. 60(B).

22.

No. 2: The Trial Court abused its discretion by denying Appellants' Motion for Stay of Proceedings to Enforce Judgment pursuant to Civ.R. 62(A).

{¶ 48} While the majority addresses only the first assignment of error, based on my disagreement with the conclusion, I find both assigned errors must be considered.

**Relief from Judgment**

{¶ 49} In their first assignment of error, the Dudleys challenge the trial court's ruling on the motion for relief from judgment, arguing their Civ.R. 60(B) motion was timely filed and presented a meritorious defense. The Dudleys further argue the trial court erred in failing to hold an evidentiary hearing prior to entering judgment. We review the denial of a motion seeking relief from judgment for an abuse of discretion. *Ouellette v. Ouellette,* 2020-Ohio-705, 152 N.E.3d 528, ¶ 34 (6th Dist.), citing *In re Whitman,* 81 Ohio St.3d 239, 242, 690 N.E.2d 424 (1998), citing *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes the trial court's conduct was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 50} Pursuant to Civ.R. 60(B), a party may move for relief from judgment for the following reasons:

(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud

23.

(whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. Civ.R. 60(B)

{¶ 51} To prevail on a motion under Civ.R. 60(B), a movant must demonstrate a meritorious defense or claim should relief be granted, entitlement to relief under Civ.R.60 (B)(1), (2), (3), (4), or (5), and that the motion was reasonably timely, with Civ.R. 60(B)(1), (2), or (3) requiring the motion to be filed within a year of the judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976), citing Civ.R. 60(B).

{¶ 52} In arguing the trial court abused its discretion in denying their motion as an untimely Civ.R. 60(B)(3) motion, the Dudleys recite facts that are primarily outside the record of this case. Much of the statements of fact proffered by the Dudleys, pertain to a separate proceeding, with only the complaint from that proceeding filed as part of the record of the foreclosure case. In the other case, the Dudleys allege that third parties, including the Bank's president, William Wendt, acted in concert to fraudulently induce them to complete a sale of Toledo Radio, LLC assets by promising to use the proceeds to clear the Dudleys' indebtedness to the Bank and releasing the lien on their home. Unknown to the Dudleys, the purchaser of the assets was an allegedly sham corporation,

24.

controlled by these third parties, and the third parties used this sham corporation to transfer the assets with no intention to pay off the Bank's judgment and save the Dudleys' home from foreclosure sale.

{¶ 53} In responding to these facts and argument, the Bank acknowledged that the issues raised "do not speak to any matter that might have been raised in defense of the foreclosure actions" but instead concerned matters arising after entry of judgment by the trial court. In reply, the Dudleys argue that the COVID-19 Tolling Order, in conjunction with the trial court's administrative orders, stayed *and tolled* all deadlines and motion practice in their case, and as a result, their motion for relief from judgment was timely even if considered pursuant to Civ.R. 60(B)(3).

{¶ 54} Addressing the stay and tolling claimed by the Dudleys, it is important to note that these terms are not synonymous. Black's Law Dictionary defines "stay" as "postponement or halting of a proceeding, judgment, or the like" and "[a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." Black's Law Dictionary, 1548 (9th Ed.2009). In contrast, "toll" is defined as "[t]o stop the running of; to abate <toll the limitations period>." Black's Law Dictionary, 1625 (9th Ed.2009). Based on these definitions, a stay halts *the action* while tolling stops *the time*. Considering the record, the only tolling of time that pertained to the Dudleys' case occurred between March 9, 2020 and July 30, 2020, based on the order of the Ohio Supreme Court. The local administrative order merely *stayed* motion practice "in all open, pending foreclosure cases" for the period ending June 30, 2021. While the sale of

25.

property and subsequent legal filings remained pending in the Dudleys' case, the matter was no longer open, with a final judgment entered. The local order separately stayed sheriff's sales of occupied properties, by cancelling all pending orders of sale until June 30, 2021.

{¶ 55} Because the only tolling in the case stopped the calculation of time for about five months, and because the Dudleys filed their motion pursuant to Civ.R. 60(B) one year and six months after entry of the judgment, the only pertinent issue is whether the trial court correctly determined the motion was properly addressed under Civ.R. 60(B)(3) and not Civ.R. 60(B)(5). The trial court did not address the motion under Civ.R. 60(B)(5), however.

{¶ 56} The trial court addressed the motion under Civ.R. 60(B)(3), after conclusory determination that, because the Dudleys alleged claims based on fraudulent conduct in the separate action, committed by third parties in concert with the Bank, the basis for relief was properly addressed under Civ.R. 60(B)(3).[2] The trial court did not examine or address the substance of the claims or whether the different requirements under Civ.R. 60(B)(3) versus (B)(5) were implicated based on these claims. Instead, the

---

[2] The trial court noted the claims asserted in the separate action as Count One: fraudulent misrepresentation; Count Two: fraudulent inducement; Count Three: fraudulent concealment; Count Four: negligent misrepresentation; Count Five: promissory fraud; Count Six: breach of contract (pled in the alternative but articulating fraud); Count Seven: unjust enrichment (premised on fraudulent conduct); Count Eight: fraudulent transfers under the Ohio Uniform Fraudulent Transfer Act; Count Nine: civil conspiracy; and Count Ten: claim for contribution, arising from alleged fraud, misrepresentation, and other misconduct alleged in the pleading.

26.

trial court construed the Dudleys' motion for relief from judgment as a motion under Civ.R. 60(B)(3), and summarily denied the motion based on the one-year time requirement. Based on the record, I find this was an abuse of discretion, as the trial court wholly ignored the basis by which the Dudleys' sought relief, and misstated the law to reach its conclusion that the stated basis did not apply.

{¶ 57} The majority and concurring decisions, under an abuse of discretion standard, would affirm the trial court's decision, but only after conducting an independent analysis of the substance of the claims and the different requirements under Civ.R. 60(B)(3) versus (B)(5). I disagree with this approach as more akin to de novo review, relying on reasoning never articulated or even implicitly applied by the trial court. "'Abuse of discretion' has been described as including a ruling that lacks a 'sound reasoning process.'" *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

{¶ 58} Considering the sparse analysis, it appears the trial court noted the claim for fraud and concluded Civ.R. 60(B)(3) was the only applicable provision. However, it is well-settled law that "the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) refers to deceit or other unconscionable conduct committed by a party to obtain judgment and does not refer to conduct that would have been a defense to or claim in the case itself." *Bank of Am., N.A. v. Kuchta,* 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 13; *PNC Bank, Natl. Assn. v. Botts,* 10th Dist. Franklin No. 12-

27.

AP-256, 2012-Ohio-5383, ¶ 15.  We have previously noted the difference between "a fraud between the parties, which would fall under Civ.R. 60(B)(3)" and a "fraud upon the court, which would be grounds for relief under Civ.R. 60(B)(5)."  *See Toledo City School Dist. v. Burns,* 6th Dist. Lucas No. 2014-Ohio-1310, ¶ 11, citing *Coulson v. Coulson,* 5 Ohio St.3d 12, 15, 448 N.E.2d 809 (1983).

{¶ 59} In recognizing the distinction, the Ohio Supreme Court noted:

"Fraud upon the court" is an elusive concept. "The distinction between 'fraud' on the one hand and 'fraud on the court' on the other is by no means clear, and most attempts to state it seem to us to be merely compilations of words that do not clarify."

\* \* \*

It is generally agreed that " \* \* \* [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense." \* \* \* Thus, in the usual case, a party must resort to a motion under Civ.R. 60(B)(3). Where an officer of the court, e.g., an attorney, however, actively participates in defrauding the court, then the court may entertain a Civ.R. 60(B)(5) motion for relief from judgment.

*Coulson* at 15, citing *Toscano v. Commr. of Internal Revenue*, 441 F.2d 930, 933 (9th Cir.1971) (additional citations omitted).

{¶ 60} As noted by the Bank, the judgment in the present case predated the filing of the allegations in the separate complaint.  Therefore, the Dudleys do not argue a fraud

28.

between the parties, related to the foreclosure judgment itself. Instead, the Dudleys alleged a separate fraud that potentially affects the judgment in the foreclosure proceeding, as prevailing on their complaints against third parties would permit them to redeem their property from foreclosure. This court is not in a position to evaluate the merits of Dudley's argument. The trial court's decision, unfortunately, appears to have failed to recognize the distinction. Therefore, without addressing the merits of the Dudleys' argument, I find the trial court abused its discretion in misstating the law and failing to address the motion under Civ.R. 60(B)(5), as presented. Because our review is limited to abuse of discretion, delving deeper into the merits, performing the analysis omitted by the trial court, and resolving the issue of which provision applies ((B)(3) v. (B)(5)) is not proper at this stage of the proceedings.

{¶ 61} As an additional matter, I disagree with the parties' and the majority's reliance on the facts in the separate case, as the only part of that case of record in the present matter is the complaint filed by the Dudleys. To the extent that the trial court and the parties rely on those separate proceedings in arguing or analyzing matters in the present case, such consideration of matters beyond the record is improper. Simply put, *no court* may take judicial notice of proceedings in another case, not part of the record, even if those proceedings include a court's own judgment entries in another case. *See In re C.Y.,* 6th Dist. Lucas No. L-13-1184, 2014-Ohio-1144, ¶ 16 (other proceedings are not part of the record on appeal, preventing review of the propriety of such proceedings).

29.

{¶ 62} In failing to address the Dudleys' assertion of fraud under the catch-all provision of Civ.R. 60(B)(5) and limiting consideration to the timeliness of a Civ.R. 60(B)(3) motion, the trial court abused its discretion in summarily denying the motion for relief from judgment. Specifically, I would find that the trial court's conclusory denial of the Dudleys' request for relief, without addressing the requirements for relief under Civ.R. 60(B)(5), was unreasonable and arbitrary.

{¶ 63} Accordingly, I would sustain the Dudleys' first assignment of error, and remand the matter to the trial court for consideration of the motion under Civ.R. 60(B)(5). Moreover, as to the Dudleys' request for hearing, this issue has yet to be addressed by the trial court, and is capable of adjudication along with a reasonableness determination as to the timing of the motion, the Dudleys' entitlement to relief, and any meritorious claim for relief, as articulated and demonstrated within the record of the instant case.

## Stay of Execution of Judgment

{¶ 64} In their second assignment of error, the Dudleys argue the trial court abused its discretion in denying a stay of execution of judgment, premised on lack of authority once it had denied the Civ.R. 60(B) motion. Pursuant to Civ.R. 62(A), a trial court has discretion to stay proceedings to enforce a judgment "until the time for moving for a new trial under Civ.R. 59, moving for relief from a judgment under Civ.R. 60, moving for judgment notwithstanding the verdict under Civ.R.50, or filing a notice of appeal, and during the pendency of any motion under Civ.R. 50, Civ.R. 59, or Civ.R. 60."

30.

After an appeal is filed, "the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond." Civ.R. 62(B).

{¶ 65} In this case, the trial court denied the motion for stay, filed pursuant to Civ.R. 62(A) as part of the Civ.R. 60(B) motion, after the trial court had ruled on the Civ.R. 60(B) motion. In doing so, the trial court noted that the Dudleys sought a stay until the new proceeding, case No. CI 202102304, was resolved. This is not the type of stay provided under Civ.R. 62(A), but the motion for stay does not request this relief.[3] The Dudleys then filed a timely appeal and requested a stay pending that appeal, which the trial court granted with a supersedeas bond required. Upon motion to this court, the Dudleys were permitted a stay of execution, pending appeal, without bond.

{¶ 66} Now on appeal, the Dudleys argue that the trial court abused its discretion in denying a stay, because the trial court erroneously denied their Civ.R. 60(B) motion. This argument does not address any abuse of the trial court's discretion, and I would find none based on the posture of this case, with the stay of execution in effect.

{¶ 67} Based on the foregoing, I would find no error regarding the decision to stay execution of the judgment. As to the trial court's disposition of the Dudleys' motion for relief from judgment under Civ.R. 60(B)(5), I respectfully dissent, and would remand for

---

[3] In their July 14, 2021 motion, the Dudleys requested "an order staying execution of the Judgment under Civ.R. 62(A), without any additional security, pending disposition of their Motion for Relief from Stay."

31.

full consideration of the motion under the reason articulated, with that consideration constrained to the record evidence or, at the court's discretion, additional evidence as may be admitted through evidentiary hearing.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.